COFFIN, Circuit Judge.
 

 Appellant Martin appeals from a judgment of the district court affirming the imposition of a constructive trust on property he owned in Hudson, New Hampshire. The district court concluded that appellant, as sole owner, president and director of the debtor corporation, breached his fiduciary duty to the corporation when he utilized corporate funds to purchase the New Hampshire property for himself rather than on behalf of the debtor. We disagree, concluding that a perfectly valid legal principle lacks the necessary predicate for its proper application in this case.
 

 Martin has been the president, treasurer, sole stockholder and director of Tufts Radio and Electronics, Inc. and Tufts Electronics, Inc. (Tufts)
 
 [1]
 
 at all relevant times in this proceeding. Prior to August 1981, Tufts operated from Medford, Massachusetts, where it leased space at the rate of $2,800 a month. In April 1981, Martin borrowed $25,000 from the Shawmut County Bank, Medford, Massachusetts and secured it with a second mortgage on his home. The purpose of the loan was to buy investment property in New Hampshire and move his company there to reduce leasing costs. Martin testified that in April, while he was looking for property, he temporarily loaned Tufts $21,500 of the borrowed money.
 

 In August 1981, Martin completed purchase of the New Hampshire property. He made a $5,000 cash deposit, personally assumed an existing mortgage of $64,000.67, and paid the balance of the purchase price with a certified check for $21,984.08 drawn from Tufts with Martin as payee. Martin endorsed this check over to the seller. He testified that the check represented repayment of the $21,500 loan to Tufts in addition to a separate loan of $484 from Tufts to Martin which Martin subsequently repaid in November 1981.
 

 Martin then leased the property to Tufts. The rent was $1,895 per month, $905 less per month than the cost of the leased space in Massachusetts. Martin testified that he used the rental payments to meet his monthly mortgages on the original bank loan and the assumed mortgage. Five hundred dollars of the rental price was profit to Martin. In addition to the monthly rent, Tufts paid all taxes, utilities, insurance and
 
 *917
 
 maintenance costs for the interior of the premises.
 

 Tufts filed voluntary petitions under Chapter 7 on February 14, 1983. Appellee Richard G. Kagan, the trustee in bankruptcy of the debtor corporation, filed a complaint seeking the imposition of a constructive trust on the New Hampshire property, claiming that Martin bought and maintained it with corporate funds. The bankruptcy court entered an order imposing a constructive trust in favor of the Trustee as to 81.13
 
 [2]
 
 per cent of the property. 34 B.R. 455. The district court affirmed the bankruptcy court order.
 

 Discussion
 

 Both the bankruptcy court and the district court relied on the corporate opportunity doctrine in finding against Martin and imposing a constructive trust on the New Hampshire property. We consider reliance on this doctrine to be misplaced.
 

 We must keep in mind that Martin was the sole shareholder, director and president of Tufts. Because the corporate opportunity doctrine is a rule of disclosure,
 
 Production Machine Co. v. Howe,
 
 327 Mass. 372, 375, 99 N.E.2d 32 (1951);
 
 Durfee v. Durfee & Canning,
 
 323 Mass. 187, 200, 80 N.E.2d 522 (1948);
 
 Hays v. Georgian Inc.,
 
 280 Mass. 10, 16, 181 N.E. 765 (1932), application of the rule is inapposite where an action taken by Martin necessarily involves the knowledge and assent of the corporation. Martin cannot be accused of defrauding or concealing information from himself in his role as sole corporate director.
 

 True, Martin and Tufts were separate entities. “The ownership of all the stock and the absolute control of the affairs of a corporation do not make that corporation and the individual owner identical, in the absence of a fraudulent purpose in the organization of the corporation.”
 
 M. McDonough Corp. v. Connolly,
 
 313 Mass. 62, 66, 46 N.E.2d 576 (1943);
 
 Gordon Chemical Co. v. Aetna Cas. & Sur. Co.,
 
 358 Mass. 632, 266 N.E.2d 653 (1971). But, absent some element of defrauding, Martin was not obliged, in every action he took, to prefer the corporation’s interests to his own. No one could operate a corporation solely on such a basis. Appellee apparently argues that it was appropriate to impose a constructive trust because there were unsecured unpaid creditors at the time of the purchase of the property and the rights of these creditors were implicated by Martin’s actions. Appellee’s argument is difficult to decipher, but we find that under any theory of liability for breach of fiduciary duty, Martin’s behavior was entirely proper for the sole shareholder of a close corporation.
 

 The law is clear that the rights of creditors are involved only where there has been prejudice to creditors, and prejudice arises where the transaction is a fraudulent conveyance or one which led to corporate insolvency.
 
 Brigham v. M & J Corp.,
 
 352 Mass. 674, 680-81, 227 N.E.2d 915 (1967);
 
 Winchell v. Plywood Corp.,
 
 324 Mass. 171, 178-79, 85 N.E.2d 313 (1949); Mass.Gen. Laws Ann. ch. 109A, § 5 (West 1958); Mass.Gen.Laws Ann. ch. 156B, § 61 (West Supp.1984).
 

 We find no prejudice to creditors in this case. Tufts was solvent at the time of the move to New Hampshire and had a positive net worth of nearly $30,000 in the fiscal year ending March 31, 1982. The transfer of $21,984 from Tufts to Martin in August 1981, at the time of the real estate closing left sufficient funds in Tufts’ accounts to pay creditors and did not force Tufts into bankruptcy.- In fact, Tufts did not file in bankruptcy until a year and a
 
 *918
 
 half after Martin purchased the New Hampshire property. Martin is therefore not liable as a corporate director under Mass.Gen.Laws ch. 156B § 61 for authorizing “any distribution by the corporation to one or more of its stockholders, whether by way of a dividend, repurchase or redemption of stock or otherwise ... [where] the corporation is insolvent or is rendered insolvent by the making of any such distribution. ...” Nor is he guilty of engaging in a fraudulent conveyance.
 
 See
 
 Mass.Gen. Laws Ann. ch. 109A, § 5.
 

 In the absence of prejudice to creditors, we find that it was error to impose a constructive trust on the New Hampshire property in favor of the Trustee.
 

 Accordingly, we reverse the order of the district court and direct the judgment be entered in favor of Martin.
 

 [1]
 

 . There are two companion cases in this action, one involving a Massachusetts corporation and the other involving a New Hampshire corporation. Because the laws of the two states are similar on relevant issues, the courts below have treated the two corporations as a single entity. We shall continue to do so.
 

 [2]
 

 . Quite apart from our dispositive legal analysis, we note our puzzlement over this 81.13 per cent figure. Apparently that was the ratio between Tufts’ $21,984 check, and Martin’s $5,000. Even if — but see infra — Tufts could not repay Martin’s $21,500 loan, so that this payment was Tufts’ money, the total cost of the property was $90,000. Martin personally, and not Tufts, paid the $64,000 balance by assuming the mortgage. In computing percentages, we do not understand why this should not figure. If there was a reason, counsel for the trustee, questioned during oral argument, was unable to suggest it.