[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff filed his complaint in seven counts alleging that the defendant falsely accused him of committing fraud against the defendant in connection with the settlement of an insurance claim for property damage. The plaintiff alleges that his employment with the defendant was terminated as a result of the defendant's conclusion that he had committed fraud.
The defendant has moved to strike the Second Count of the complaint, which alleges intentional infliction of emotional distress, and the Third Count, which alleges negligent infliction of emotional distress, on the grounds that those claims are barred by the exclusivity provisions of the Connecticut Workers' Compensation Act. The defendant has also moved to strike the Fifth Count because it fails to state a cause of action under the Connecticut Unfair Insurance Practices Act, Conn. Gen. Stat. 38a-815 et seq. Finally, the defendant has moved to strike the Sixth Count, which alleges a violation of the Connecticut Unfair Trade Practices Act, ("CUTPA"), Conn. Gen. Stat. 42-110a et seq., because employment relationships do not fall within CUTPA's definition of trade or commerce.
WORKERS' COMPENSATION EXCLUSIVITY
Connecticut General Statutes 31-284 (a) provides, in relevant part, that:
 [a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . .
In order to be compensable under the workers' compensation statutes an injury must (1) arise out of the employment; and (2) CT Page 4186 occur in the course of the employment. To occur in the course of the employment, the injury must take place (a) within the period of employment, (b) at the place where the employee may reasonably be and (c) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it. McNamara v. Hamden, 176 Conn. 547, 556,398 A.2d 1161 (1979).
The plaintiff alleges that he suffered emotional distress as a result of the termination of his employment. Therefore, the injury occurred after the period of his employment. Moreover, the alleged injury did not occur while the plaintiff was fulfilling duties of his employment. Thus, the alleged emotional distress did not arise out of and in the course of plaintiff's employment within the meaning of 31-284 (a) and the motion to strike the Second and Third Count of the complaint is, therefore, denied.
CONNECTICUT UNFAIR INSURANCE PRACTICES ACT
In Count Five of the complaint the plaintiff alleges that the defendant violated the Connecticut Unfair Insurance Practices Act ("CUIPA'), Conn. Gen. Stat. 38a-815, et seq., which prohibits insurance companies from engaging in "unfair claim settlement practices." Under 38a-816 (6), the portion of CUIPA relied on by the plaintiff in Count Five, "unfair claim settlement practices" are defined to require performance or commission with such frequency as to indicate a general business practice.
In Mead v. Burns, 199 Conn. 651, 509 A.2d 11 (1986) the Connecticut Supreme Court held that allegations that an insurer knowingly and in bad faith refused to pay the plaintiff's claim for automobile damage did not state a cause of action under CUIPA. The court held that based on the language of CUIPA an unfair settler, lent practice must be based on more than an isolated failure to pay one claim. The Mead court stated, "Looking to the statute as a whole, we believe that claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct."199 Conn. at 659.
The plaintiff here, like the plaintiff in Mead, has not alleged that the defendant's conduct constituted a general practice of refusal to pay claims without reasonable investigation or in bad faith. Therefore, the Fifth Count does not state a cause of action under CUIPA and the motion to strike that count is granted.
UNFAIR TRADE PRACTICES ACT CT Page 4187
In the Sixth Count the plaintiff claims that the defendant engaged in unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Connecticut General Statutes 42-110a et seq., the Connecticut Unfair Trade Practices Act ("CUTPA").
The defendant has moved to strike the count on the grounds that neither the unfair claims settlement aspect nor the employment aspect of the complaint states a cause of action under CUTPA.
In Mead v. Burns, supra, the Court held that where the allegation of a singular failure to investigate is insufficient to state a cause of action under CUIPA, it also fails to state a cause of action under CUTPA. The Court provided the following rationale for the aforementioned holding:
 The definition of unacceptable insurer conduct in [38a-816] reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention. Under CUTPA, as under CUIPA, a litigant is bound by this legislative determination. 199 Conn. at 666.
The allegations of the Sixth Count pertaining to the defendant's alleged unfair insurance practices fail to state a cause of action under CUTPA based on the holding of Mead v. Burns, supra.
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 42-110b (a). The term "trade or commerce" means "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and real property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value in this state." 42-110a(4).
In construing CUTPA, federal and state courts have held that the employment relationship is not within the scope of "trade or commerce" and, therefore, CUTPA does not apply to disputes arising under the employer/employees relationship. Kintner v. Nidec-Torin Corp., 662 F. Sup. 112 (D. Conn. 1987) ("although an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the purposes of CUTPA"); Porter v. Hartford Anesthesiology Assoc., Inc., 4 Conn. L. Rptr. CT Page 4188 359, 359 (Conn.Super.Ct. 1991); DeNicola v. The Stop Shop Co., 4 Conn. L.Rptr. 12, 12 (Conn.Super.Ct. 1991); Fitzgerald v. Forelli, 2 Conn. L. Rptr. 388, 388-89 (Conn.Super.Ct. 1991); Mustaro v. St. Rose of Lima School, 2 Conn. L. Rptr. 760, 761 (Conn.Super.Ct. 1990).
Based on the foregoing cases the allegations of the Sixth Count which relate to the termination of plaintiff's employment do not state a cause of action under CUTPA.
For the reasons set forth above, the motion to strike the Sixth Count is granted.
By the Court,
AURIGEMMA, J.