[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff, Automatic Business Products Company, Inc. (hereinafter "ABP"), filed the original eight count complaint on March 18, 1991, seeking to recover damages for, inter alia, breach of fiduciary duty, misappropriation of a corporate opportunity, conversion, and unfair trade practices by the defendant Ken Hankinson (hereinafter "Hankinson"), a former officer and employee, who is now doing business as Pharm Art. The defendant filed a motion to strike on May 21, 1991, and the court (Dunn, J.) granted the motion on June 18, 1991. Then, on July 3, 1991, ABP filed an amended, substituted eight count complaint.
Count I of ABP's amended substituted complaint, which alleges that Hankinson breached his fiduciary duty, makes the following factual allegations, which are incorporated into the counts in ABP's amended, substituted complaint. ABP is a Connecticut corporation engaged in the mail order business. Hankinson was employed by ABP as a corporate officer and manager of Connecticut operations until July 12, 1990. During that time, Hankinson was responsible for selecting and pricing items offered in ABP's mail order catalog, as well as negotiating with vendors on ABP's behalf.
The plaintiff further alleges that Hankinson, while CT Page 4595 employed by ABP, "secretly" acquired ownership of Pharm Art, a vendor whose products were offered for sale through ABP's catalog. The plaintiff alleges that Hankinson breached his fiduciary duty: (1) by failing to negotiate with ABP's vendors in good faith and with undivided loyalty; (2) by using his position with ABP to improve his personal interest in Pharm Art without making full disclosure to ABP; (3) by expanding ABP's use of Pharm Art products, to the exclusion of other vendors' products, without disclosing his ownership interest in Pharm Art; and (4) by simultaneously offering the Pharm Art products found in ABP's catalog to "other parties" at lower parties. The plaintiff also alleges that Hankinson's "self-dealing" lasted from November 1988 until July 11, 1990.
Count II of the amended complaint incorporates paragraphs 1 through 3 and 5 through 10 of Count I. ABP alleges in Count II that Hankinson, while serving as an employee and corporate officer negligently breached the fiduciary duties owed to ABP.
Count III of the amended complaint incorporates paragraphs 1 through 11 of Count I and paragraphs 10 through 11 of Count II. Count III alleges that Hankinson misappropriated a corporate opportunity that properly belonged to ABP.
Count IV of the amended complaint incorporates paragraphs 1 through 23 of Count III. In Count IV, ABP alleges that Hankinson "embezzled and/or stole ABP's property" within the meaning of General Statutes Section52-564.
Count V of the amended complaint incorporates paragraphs 1 through 27 of Count IV. In Count V, ABP alleges that Hankinson intentionally interfered with business relations between ABP and Pharm Art, as well as between ABP and its customers.
Count VI of the amended complaint, incorporates paragraphs 1 through 30 of Count V. ABP, in Count VI, alleges that Hankinson engaged in various unfair trade practices in violation of General Statutes Section 42-110a et seq. (hereinafter "CUTPA").
Count VII of the amended complaint incorporates paragraphs 1 through 31 of Count VI. In Count VII, ABP alleges that Hankinson was unjustly enriched as a result of his wrongful conduct, both during and following the termination of his employment with ABP. CT Page 4596
Count VIII of the amended complaint incorporates paragraphs 1 through 33 of Count VII. ABP, in Count VIII, alleges that because of Hankinson's wrongful conduct, a constructive trust in favor of ABP should be imposed on Hankinson's profits.
In its prayer for relief, ABP seeks: (1) money damages; (2) punitive damages pursuant to General Statutes Section 42-110 (g)(a); (3) treble damages pursuant to General Statutes Section 52-564; (4) attorneys fees; (5) costs and disbursements; (6) a constructive trust on all unlawfully obtained profits in favor of ABP; (7) interest pursuant to General Statutes Section 37-3a; and (8) any other relief that the court may deem just and proper.
On November 8, 1991, Hankinson filed a motion to strike Counts III through VIII of ABP's amended, substituted complaint, and claims for relief numbers (2), (3), (4), (5) and (6) from ABP's prayer for relief. Hankinson filed a memorandum of law in support of his motion to strike pursuant to Practice Book Section 155. ABP filed a memorandum in opposition on December 18, 1991.
DISCUSSION
A motion to strike challenges the legal sufficiency of the allegations of any complaint, or any one or more counts thereof, to state a claim upon which relief can be granted. Ferryman v. Groton, 212 Conn. 138, 143, 561 A.2d 432 (1989). It may also be used to contest the legal sufficiency of a prayer for relief contained in a complaint. Central New Haven Development Corp. v. Potpourri, Inc., 39 Conn. Sup. 132,133, 471 A.2d 681 (Super.Ct. 1983). A motion to strike admits all facts well-pleaded, Mingachos v. CBS, Inc.,195 Conn. 91, 108, 491, A.2d 36 (1985), which are then construed in the light most favorable to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 522 A.2d 1235 (1987). If a pleading is legally insufficient on its face, "although facts may exist which, if properly pleaded, would establish a cause of action upon which relief could be granted," then a motion to strike is the proper way to contest that pleading. Gurliacci v. Mayer, 218 Conn. 531, 549, 590 A.2d 914 (1991). In determining whether a motion to strike should be granted, the question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action. King v. Board of Education, 195 Conn. 90, 93 486 A.2d 1111 (1985).
A. Count III CT Page 4597
In Count III, ABP alleges that Hankinson misappropriated a corporate opportunity that belonged to ABP. In response, Hankinson argues that ABP fails to plead the basic elements of a corporate opportunity.
The corporate opportunity doctrine is a rule of disclosure requiring the fiduciary to pass along information to his or her corporation where appropriate. In re Tufts Electronics, Inc., 746 F.2d 915, 917 (1st Cir. 1984). An officer occupies a fiduciary relationship to the corporation, and his bound to use the utmost good faith and fair dealing in all his relationships with the corporation." Pacelli Bros. Transportation, Inc. v. Pacelli, 189 Conn. 401, 408,456 A.2d 325 (1983). Officers may not use their position of trust and confidence to further their private interests. In re Gordon Car Truck Rental, Inc., 65 B.R. 371 (Bankruptcy N.D.N Y 1986). "[O]ne who occupies a fiduciary relationship to a corporation may not acquire, in opposition to the corporation, property in which the corporation has an interest or tangible expectancy. . . ." Katz Corporation v. T.H. Canty Co., 168 Conn. 201, 208, 362 A.2d 975 (1975).
 [I]f there is presented to a corporate officer or director a business opportunity which the corporation is financially able to undertake, is . . . in the line of the corporation's business and is of practical advantage of it, is one which the corporation has an interest or a reasonable expectancy, and, by embracing the opportunity, the self-interest of the officer or director will be brought into conflict with that of his corporation, the law will not permit him to seize the opportunity for himself . . . . Guth v. Loft, Inc., 23 Del. Ch. 255, 272, 5 A.2d 503.
Id.
In Count III, ABP alleges, inter alia; (1) that Hankinson, as an officer, owed a fiduciary duty to ABP; (2) that Hankinson was entrusted with finding suitable acquisitions to compliment ABP's catalog business; (3) that Pharm Art, as a supplier, is related to ABP's business; (4) that Hankinson was employed by ABP when he learned of ABP's opportunity to purchase Pharm Art; (5) that Hankinson breached his fiduciary duty by failing to disclose this opportunity and by secretly purchasing Pharm Art; and (6) that ABP was ready, willing and financially able to consider purchasing Pharm Art. ABP has sufficiently alleged that a business opportunity that it was financially able to undertake, that was in its line of business, and that it CT Page 4598 would have been interested in acquiring, was presented to one of its corporate officers. Thus, ABP has alleged facts which constitute a legally sufficient cause of action for misappropriation of a corporate opportunity, and therefore, defendant's motion to strike Count 111 is denied
B. Count IV
In Count IV, ABP alleges a cause of action for conversion based on General Statutes Section 52-564. In response, Hankinson argues that ABP fails to allege the basic elements of a corporate opportunity, and fails to allege facts which constitute "stealing" within the meaning of Section 52-564.
General Statutes Section 52-564 provides that "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." The plaintiff's complaint must "be specifically based upon the statutory remedy, as well as factually within its boundaries." Alaimo v. Royer, 188 Conn. 36,43, 448 A.2d 207 (1982). The word "steals" as used in Section 52-564 is synonymous with the definition of larceny in the penal code, under General Statutes Section 53a-119. Lauder v. Peck, 1 Conn. App. 161, 165, 526 A.2d 539 (1987). Section 53a-119 provides in pertinent part:
 Larceny defined. A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. Larceny includes, but is not limited to:
 (1) Embezzlement. A person commits embezzlement when he wrongfully appropriates to himself or to another property of another in his care or custody.
 (2) Obtaining property by false pretenses. A person obtains property by false pretenses when, by any false token, pretense or device, he obtains from another property, with intent to defraud him or any other person.
 (3) Obtaining property by false promise. A person obtains property by false promise when, pursuant to a scheme to defraud, he obtains property of another by means of a representation, express or implied, that he or a third person will CT Page 4599 in the future engage in particular conduct, and when he does not intend to engage in such conduct or does not believe that the third person intends to engage in such conduct. In any prosecution for larceny based upon a false promise, the defendant's intention or belief that the promise would not be performed may not be established by or inferred from the fact alone that such promise was not performed.
General Statutes Section 53a-119.
The penal code defines an "owner" as "any person who has a right of possession superior to that of a taker, obtainer, or withholder." General Statutes Section 53a-118 (a)(5). The penal code defines "property" as "any money, personal property, real property, thing in action, evidence of debt or contract, or article of value of any kind." General Statutes Section 53a-118 (a)(1). Courts have used a similar, limited definition of "property" when applying Section 52-564. See e.g., Alaimo v. Royer, supra, 36 (Section 52-564 applied in a fraud action where plaintiff gave defendant $60,000 which plaintiff expected defendant to invest); A-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 579 A.2d 69 (1990) (plaintiff paid defendant's distributor for goods which the distributor never delivered; however, only because defendant was not found to be vicariously liable for its distributor's actions, it did not incur treble damages under Section52-564); Lauder v. Peck, supra, 161 (Section 52-564 applies where defendant forged a release of a lis pendens which plaintiff filed against certain real estate).
In support of its conversion claim, ABP alleges that Hankinson "willfully" breached his fiduciary duty by failing to disclose the opportunity to purchase Pharm Art, and by secretly acquiring Pharm Art while employed by ABP. ABP further alleges that the opportunity to purchase Pharm Art belongs to ABP and Hankinson "fraudulently concealed" the opportunity and "embezzled and/or stole" ABP's "property."
Based on the corporate opportunity doctrine, Hankinson, as an officer and employee of ABP, had a duty to disclose the opportunity to purchase Pharm Art to ABP. Katz Corporation v. T. H. Canty Co., supra, 208. The corporate opportunity doctrine provides ABP with a right of possession superior to that of Hankinson, until ABP either refuses the opportunity or is found to have been financially unable to act upon the opportunity. Id. However, Hankinson's appropriation of ABP's corporate opportunity cannot constitute "stealing" within the meaning of Section 52-564 and 53a-119, because a CT Page 4600 "corporate opportunity" does not fit within the definition of "property" found in Section 53a-118 (a)(1), and used in Sections 52-564 and 53a-119. Therefore, defendant's motion to strike Count IV of ABP's amended substituted complaint is granted, in that Count IV fails to state a legally sufficient cause of action pursuant to General Statutes Section 52-564. Defendant's motion to strike ABP's claim for relief number three, which seeks treble damages pursuant to General Statutes Section 52-564, is also granted.
C. Count V
In Count V, ABP alleges that Hankinson intentionally interfered with business relations between ABP and Pharm Art by concealing the opportunity to purchase Pharm Art from ABP. ABP also alleges that Hankinson intentionally interfered with business relations between ABP and its mail order customers. In response, Hankinson argues that ABP fails to allege a cause of action for intentional interference with business relations because ABP fails to plead: (1) that it would have entered into a contract to purchase Pharm Art; (2) that it would have made a profit or had a reasonable expectation of making a profit; or (3) that it had contracted to purchase Pharm Art and Hankinson induced Pharm Art to breach that contract.
Connecticut recognizes a cause of action for intentional interference with business relations, and "it is not essential . . . that the tort has resulted in a breach of contract to the detriment of the plaintiff." Sportsmen's Boating Corporation v. Hensley, 192 Conn. 747, 754,474 A.2d 780 (1984). It is tortious either to induce a breach of contract or to interfere with financial expectancies. Paint Products Co. v. Minwax Co. Inc. 448 F. Sup. 656, 658 (D. Conn. 1978). To support a cause of action for tortious interference with business relations, the plaintiff must plead that the defendant's conduct was tortious, and as a proximate result thereof, the plaintiff suffered actual loss by being deprived of an opportunity which he would have had. McKeown Distributors, Inc. v. Gyp-Crete Corp., 618 F. Sup. 632,644 (D. Conn. 1985). The plaintiff is also required to plead that the injury was caused by the defendant's willful or malicious conduct "beyond the fact of the interference itself," Robert S. Weiss Associates, Inc. v. Wiederlight,208 Conn. 525, 536, 546 A.2d 216 (1988), such as fraud, misrepresentation, intimidation or molestation. Dacourt Group, Inc. v. Babcock Industries, Inc., 747 F. Sup. 157,161 (D. Conn. 1990); Kecko Piping Co. v. Monroe, 172 Conn. 197,201-02, 374 A.2d 179 (1977). CT Page 4601
In support of its cause of action for intentional interference with business relations, ABP pleads the following facts: (1) that Hankinson fraudulently and maliciously interfered with ABP's contractual and business relations; (2) that Hankinson intentionally and maliciously concealed a corporate opportunity, and as a result, deprived ABP of its business expectancy; (3) that Hankinson tortiously interfered with contractual and business relations between ABP and its clients "by offering Pharm Art's product(s) . . . at prices substantially less than the prices which he, as ABP's . . . corporate officer, committed ABP to charge its clients for the same products;" and (4) that as a result, ABP has sustained damages. ABP has sufficiently alleged that it suffered an actual loss as a proximate result of the defendant's willful tortious conduct. Accordingly, ABP has alleged facts sufficient to support a cause of action for intentional interference with business relations. Defendant's motion to strike Count V is denied.
D. Count Vl
In Count VI, ABP alleges that Hankinson violated General Statutes Section 42-110a et seq. ("CUTPA"). In response, Hankinson argues that CUTPA is inapplicable to an employment relationship and therefore, ABP fails to state a claim upon which relief may be granted.
CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. Web Press Services Corporation v. New London Motors, Inc.,203 Conn. 342, 354, 525 A.2d 57 (1987). Section 42-110b
provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-110a(4) provides that "`[t]rade' and `commerce' means the advertising, the sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state."
 In determining whether a practice violates CUTPA, the court should employ these criteria: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra or some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous (3) whether it causes CT Page 4602 substantial injury to consumers. . . .
Sanghavi v. Paul Revere Life Ins. Co., 214 Conn. 303, 311-12,572 A.2d 307 (1990) (Citations omitted). The Connecticut Supreme Court "has acknowledged the statement of the Federal Trade Commission that all three criteria . . . do not need to be satisfied to support a finding of unfairness," and that a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 242, 520 A.2d 1008 (1987). With respect to the third criterion, a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury. McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558,566-67. 473 A.2d 1185 (1985).
In support of its CUTPA claim, ABP alleges that Hankinson, while employed by ABP, acted wantonly and willfully in breaching his duty of good faith, and in concealing his wrongful conduct. ABP also alleges that Hankinson interfered with its business relations by purchasing Pharm Art, a vendor, and by committing ABP to charge certain prices for products also sold by Pharm Art while simultaneously offering these products to ABP's customers at lower prices. ABP further alleges that Hankinson continued this practice after his employment was terminated, and also used other confidential information to unfairly compete with ABP.
Generally, CUTPA does not apply to "disputes which arise . . . solely between and employee and his or her employer, and which concern exclusively the employer/employee relationship." Krupa v. United Technologies, 2 CSCR 740
(July 1, 1987, Maloney, J.). See also Apgar v. MBS Business Systems, 3 CTLR 72 (Jan. 14, 1991, Purtill, J.); Kintner v. Nidec-Torin Corp., 662 F. Sup. 112, 113 (D. Conn. 1987). However, the present case is neither a dispute arising "solely between an employee and his or her employer," nor one which "concern[s] exclusively the employer/employee relationship." Rather, it concerns an employee who at one time allegedly competed with his employer, and whose alleged unfair trade practices continued after his employment was terminated. A legally sufficient claim under Section 42-110a
et seq. exists where the plaintiff alleges "that defendant set up a competing enterprise while still employed by the plaintiff, and used confidential information and materials for [his] own benefit, . . . and [that the plaintiff] was injury thereby . . . ." Delre v. Adkins, 2 CSCR 1093, 1095 (September 28, 1987, Burns, J.) ABP has alleged facts sufficient to support a cause of action under General Statutes Section CT Page 460342-110a et seq., and defendant's motion to strike Count VI is denied. Accordingly, since General Statutes Section42-110g(a) provides the court with discretion to award punitive damages, Gargano v. Heyman, 203 Conn. 616, 620 n. 4,525 A.2d 1343 (1987), and since General Statutes Section 42-100g(d) provides for attorneys fees and costs, Hernandez v. Monterey Village Associates Limited Partnership, 17 Conn. App. 421,425, 553 A.2d 617 (1989), defendant's motion to strike plaintiff's claims for relief numbers two, four and five, which respectively seek punitive damages, attorneys fees and costs, are denied.
E. Count VII
In Count VII, ABP alleges that the defendant was unjustly enriched as a result of his wrongful conduct. In response, the defendant argues that ABP fails to allege the elements which constitute a corporate opportunity.
Unjust enrichment is a form of equitable remedy of restitution by which one party may recover a benefit conferred upon another party despite the absence of a valid contract. Liljedahl Brothers, Inc. v. Grigsby, 216 Conn. 345,346 n. 1, 576 A.2d 149 (1990). "In order for the plaintiff to recover under the doctrine, it must be shown that the defendant was benefitted [benefited], that the benefit was unjust in that it was not paid for by the defendants, and that the failure of payment operated to the detriment of the plaintiff." Burns v. Koellmer, 11 Conn. App. 375, 383,527 A.2d 1210 (1987); Monarch Accounting Supplies, Inc. v. Prezioso, 170 Conn. 659, 665-66, 368 A.2d 6 (1976).
In support of its unjust enrichment claim, ABP alleges that "Hankinson is not entitled to the benefits resulting from his aforementioned wrongful conduct . . .," and concludes that "Hankinson has been unjustly enriched . . . at ABP's expense and detriment." ABP fails to plead that Hankinson failed to pay for his "benefit", or how this failure of payment operated to ABP's detriment.
Therefore, Hankinson's motion to strike Count VII of ABP's amended, substituted complaint is granted.
F. Count VIII
In Count VIII, ABP argues that a constructive trust should be imposed on Pharm Art (the enterprise Hankinson purchased when he allegedly breached his fiduciary duty and usurped ABP's corporate opportunity) and on any profits earned as a result of Hankinson's alleged wrongful acts. In CT Page 4604 response, Hankinson argues that ABP fails to allege the basic elements which constitute a corporate opportunity.
A constructive trust may be imposed "against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to properly which he ought not, in equity and good conscience, hold and enjoy." Spatola v. Spatola, 4 Conn. App. 79, 81,492 A.2d 518 (1985) (citation omitted). "Before a constructive trust can be created . . . there must be a duty owed, or a fiduciary or otherwise special relationship between the parties." Filosi v. Hawkins, 1 Conn. App. 634, 639, 474 A.2d 1261 (1984) (citation omitted). "If an officer or director of a corporation, in violation of his duty as such, acquires gain or advantage for himself, the law charges the interest so acquired with a trust for the benefit of the corporation, at its election, while it denies to the betrayer all benefits and profits. . ." In re Gordon Car Truck Rental, Inc., supra, 375 n. 1.
In Count III of its substituted complaint, ABP has alleged facts sufficient to support a cause of action for misappropriation of a corporate opportunity, supra. To support its claim for a constructive trust, ABP alleges: (1) that Hankinson, while serving as an officer of ABP, secretly acquired ownership of a corporate opportunity which belonged to ABP; (2) that Hankinson fraudulently concealed this opportunity from ABP; (3) that in so doing, Hankinson, while employed by ABP, breached the fiduciary duty owed to ABP; (4) that Hankinson profited as a result; and (5) that ABP has alleged facts sufficient to support a cause of action for constructive trust. Therefore, Hankinson's motion to strike Count VIII is denied. As is Hankinson's motion to strike ABP's claim for relief number six, which seeks imposition of a constructive trust on behalf of ABP.
CONCLUSION
Defendant's motion to strike is granted as to Counts IV and VII, and denied as to Counts III, V, VI and VIII.
Defendant's motion to strike is granted as to plaintiff's claim for relief number three, and denied as to claims for relief numbers two, four, five and six.
BY THE COURT, CT Page 4605
HON. ROBERT McWEENY SUPERIOR COURT JUDGE.