[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, W. Rodney Smith, has filed a motion (#107) to strike three counterclaims by the defendants, Bernard M. Brown, Albert H. Swanke, Jr., Risk Strategies, Inc. (RSI) and Insurance Venture Partners, Inc. (IVP).
The complaint is in six counts. In the first count, the plaintiff claims that he, Brown and Swanke each owned one third of the shares of RSI; that these shares were in effect surrendered to RSI for purposes of a pledge agreement, but when the pledge was satisfied, the two individual defendants refused to return his shares, and hence he claims a conversion in this count. The second count seeks a winding up of RSI; the third claims a breach of contract arising out of the settlement of a case in Stamford Superior Court; the fourth claims a larceny was perpetrated against him for the activities referred to in the third count; the fifth seeks an accounting; and the sixth seeks reimbursement for relocation to San Francisco.
The defendants filed six counterclaims, three of which are the subject of plaintiff's motion to strike. The third counterclaim alleges fraud on the part of the plaintiff. While the defendants do not directly allege that a false representation of fact was made and that the plaintiff knew such representation was false, these elements can be found to exist within the language of paragraph 20, which alleges that:
 At the time he entered into the December 1988 agreement, plaintiff had no CT Page 8176 intention of complying with his obligations under the December 1988 agreement and he subsequently failed to comply with those obligations. . . .
The court must construe the pleadings in the light most favorable to the pleader. Blancato v. Feldspar, 203 Conn. 34,36, 522 A.2d 1235 (1987). The other elements, inducement and detrimental reliance, are present. See Gelinas v. Gelinas,10 Conn. App. 167, 173, 522 A.2d 295 (1987).
The third counterclaim also falls within the exception to the "general" fraud rule. The exception is that a cause of action for fraud lies where a promise to do an act in the future is coupled with a present intent not to fulfill that promise. See Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 300, 478 A.2d 257
(1984) and Paiva v. Vanech Heights Construction Co., 159 Conn. 512,515, 271 A.2d 69 (1970). Paragraph 20 of the defendants' third counterclaim falls within this exception. The motion to strike the third counterclaim is therefore denied.
The fifth counterclaim alleges tortious interference and the defendants erroneously combine a "tortious interference with contractual relations" claim with a "tortious/intentional interference with business relations" claim. These are two separate causes of action and they should be plead in separate counts.
A tortious interference with contractual relations claim consists of the following elements: (1) the existence of a contractual relationship; (2) a third party's knowledge of this relationship; (3) a third party's intent to interfere with that contract; and (4) some "predicate" tortious conduct, for example, fraud, misrepresentation. See Solomon v. Aberman,196 Conn. 359, 364, 493 A.2d 193 (1985).
An intentional interference with business relations claim consists of the following elements: (1) the third party's conduct must be intentional; (2) such conduct proximately resulted in actual loss to the claimant; (3) as a result, claimant was deprived of an opportunity he otherwise would not have had; and (4) that the claimant's injury was caused by the third party's willful or malicious conduct "beyond the fact of the interference itself," such as fraud, misrepresentation, intimidation or molestation. See Automatic Business Products Co. v. Hankinson, 7 CSCR 739, 741 (May 20, 1992, McWeeney, J.) and the cases cited therein.
Regardless of whether the defendants are pleading interference with a contract or interference with business CT Page 8177 relations, or both, the fifth counterclaim is legally insufficient because the defendants failed to plead that the plaintiff engaged in some fraud, misrepresentation, intimidation or molestation, "beyond the fact of the interference itself." Also, the pleadings should allege that the plaintiff was a third party, because parties to a contract cannot tortiously interfere with that contract, they can only breach it. If, for example, the plaintiff was an officer, director or employee of RSI, then he would not be a third party. But if the plaintiff acts beyond the scope of his employment or breaches his duty of good faith, he may be a "third party."
The defendants might have pled this in their other counterclaims, but they failed to incorporate these facts in support of their fifth counterclaim. The motion to strike this counterclaim is granted.
The defendants' sixth counterclaim alleges a violation of General Statutes 42-110a et seq. (CUTPA) and is legally insufficient. It alleges that the plaintiff interfered with a contract between RSI and EQE, Inc., that plaintiff was engaged in a trade or business, and that such interference constituted unfair and deceptive acts.
A CUTPA claim must allege that the actions violated public policy as established by statutes, the common law, or otherwise, or allege some immoral, unethical, oppressive, or unscrupulous conduct. Sanghavi v. Paul Revere Life Insurance Co., 214 Conn. 303,311-12, 572 A.2d 307 (1990). There are no such specific allegations of either element of CUTPA in this counterclaim to permit it to survive this motion to strike.
The plaintiff's motion to strike the fifth and sixth counterclaims is granted, but is denied as to the third counterclaim.
So Ordered.
Dated at Bridgeport, Connecticut this 28th day of August, 1992.
WILLIAM B. LEWIS, JUDGE