[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COUNTS FOUR AND FIVE OF AMENDED COMPLAINT
This is an action for wrongful termination of employment. Defendant moves to strike Count Four which is a claim under the Connecticut Unfair Trade Practices ACT (CUTPA) and Count Five which alleges tortious interference with a business relationship.
 I
Generally, CUTPA has been held not to apply to disputes which arise solely between an employee and his employer which concern the employer/employee relationship. Quimby v. Kimberly Clarks Corp., 28 Conn. App. 660, 670
(1992); Krupa v. United Technologies, 2 CSCR 740 (July 1, 1987 Maloney, J.) Oluvide v. Travelers Insurance Co.,7 CSCR 645, 646 (May 7, 1992 Aurigemma, J.) Automatic Business Production Co. v. Haninson, 7 CSCR 739, 742 (May 20, 1992, McWeeny, J.); Kintner v. Nidec-Torin Corp., 662 F. Sup. 112, 13 (C. Conn. 1987). Since this action falls squarely into this category of disputes, motion to strike Count Four is granted.
 II
The elements of tortious interference are the existence of a contractual or beneficial relationship, the defendants' knowledge of that relationship, the intent to interfere with it, and the consequent actual loss suffered by the plaintiff. Hart, Nininger Campbell Associates, Inc. v. Rogers, 16 Conn. App. 619, 629 (1988).
It appears that plaintiff has alleged sufficient facts to support all of these elements, as follows: the existence of contractual relationship — Count Five, par. 20; defendant's knowledge of the relationship — Count Three, par. CT Page 2930 14 (incorporated into Count Five); defendant's intent to interfere with the relationship, Count Three, par. 14 and 15; the consequent loss suffered by Plaintiff — Count Five, par. 22.
Motion to Strike Count Five denied.
Wagner, J.