[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
The allegations contained in the Fourth Count relate solely to the employment relationship notwithstanding their characterization of the plaintiff as a "potential competitor". In fact, paragraph six limits the audience for the slanderous statements to "employees". [Quimby v. Kimberly Clark Corp.],28 Conn. App. 660, 670 (1992). [Delre Associates v. Adkins], 3 C.L.T. 46 (1987) involved the defendant setting up a competing enterprise while still employed by the plaintiff. In [AutomaticBusiness Products v. Hankinson], 7 CSCR 739, 742 (1992), the defendant was charged with self-dealing while in the employment relationship without disclosing that fact to the employer. These decisions are clearly distinguishable and inapplicable. Both of them involve activities performed by the defendant outside of the employment relationship. On the contrary, the allegations of this counterclaim are clearly limited to activities which took place within the employment environment. For this reason the motion to strike is granted.
MOTTOLESE, J.