[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of a dispute between the plaintiff, John Burrus, (Burrus) that the defendant, Allnet Communication Services, (Allnet) over an offer of employment allegedly made to Burrus by Allnet. Burrus alleges that on November 11, 1993, he was offered employment by Jill Galant, a sales manager of Allnet. Burrus claims to have accepted Galant's offer on November 12, 1993, and additionally that Galant confirmed the existence of the contract of employment on November 23, 1993. Thereafter Burrus left his employment. Burrus claims that Doug Dallissandro, a regional director for Allnet, notified him that he would not be hired by Allnet after he was unemployed.
This motion to strike is directed to the third and fourth counts of the plaintiff's amended complaint dated June 29, 1995. In the third count, Burrus alleges that Allnet's actions constitute a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a, et seq. (CUTPA). In the fourth count, Burrus alleges a claim of intentional infliction of emotional distress, alleging that Allnet acted intending to inflict emotional distress. Burrus alleges that Allnet refused to hire him because he was an "African American", that this conduct was extreme and outrageous, and that the defendant suffered severe emotional distress as a result. CT Page 13378
The motion to strike is the proper motion to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-215, 618 A.2d 25
(1992). "Its function . . . is to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980). The motion admits all legal facts but not conclusions of law. Verdon v. TransamericaIns. Co., 187 Conn. 363, 365, 446 A.2d 3 (1982).
If facts provable under the allegations would support a cause of action, the motion to strike must fail. Alarm Applications Co.v. Simsbury Volunteer Fire Co., supra, 179 Conn. 545. The court must construe the facts in the complaint in the light most favorable to the plaintiff. Novametrix Medical Systems v. BOCGroup Inc., supra, 224 Conn. 216.
Count Three — CUTPA
Allnet claims that Burrus has not sufficiently alleged a CUTPA claim, because Burrus' CUTPA claim is based solely on allegations surrounding Allnet's offer of employment to Burrus, and CUTPA does not apply to an employer/employee relationship. Allnet cites a line of cases holding that the employment relationship is not trade or commerce as is required to fall under CUTPA.
Burrus argues that his CUTPA claim is sufficient because the holding in Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, (1995). Burrus argues that Larsen limited the scope of Quimby to acts within the employer/employee relationship. Because Burrus had not yet actually performed work for the defendant, Burrus argues that CUTPA applies to his claim.
The holding in Larsen was that CUTPA did apply because the facts in that case involved activities that went beyond the employer/employee relationship. In Larsen, the former president of the employer engaged in anticompetitive activities designed to harm the employer after the president had accepted employment with a second employer. The Supreme Court found these activities to be beyond the scope of the president's employment relationship with the employer, and held CUTPA applied to the former president's activities. However, the Supreme Court noted that they were not overruling Quimby: "We emphasize that we do not decide today whether the Appellate Court's holding in Quimby
CT Page 13379 accurately sets forth the law with respect to CUTPA's applicability to employer-employee relationships. We merely conclude that the holding in Quimby, even if correct, is inapposite to the facts of this case." Larsen Chelsey Realty Co.v. Larsen, 232 Conn. 527.
The court grants the motion to strike count three. Burrus' allegations all surround an alleged employment agreement with Allnet. None of the allegations involved can be said to involve anything but a disagreement over an alleged employment contract. In this count of the complaint, Burrus has alleged that Allnet breached its contract with Burrus. The relationship between Burrus and Allnet was, therefore, that of employer-employee. The Appellate Court has held CUTPA does not apply to disputes arising out of the employer-employee relationship. Quimby v. KimberlyClark Corp., 28 Conn. App. 660, 670, 613 A.2d 838 (1992); Lark v.Post-Newsweek Stations Inc., Superior Court, Judicial District of Hartford at Hartford, Docket No. 705326 (August 9, 1995) (Wagner, J.); Stafford v. First Financial Management Corp., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 066246 8 Conn. L. Rptr. 517 (Mar. 25, 1993) (Wagner, J.); Krupav. United Technologies, 2 CSCR 740 (July 1, 1987, Maloney, J.); Sall v.Jones Apparel Group, Inc., 9 Conn. L. Rptr. 90 (June 7, 1993) (Lewis, J.), Oluvide v. Travelers Insurance Co.,6 Conn. L. Rptr. 777,7 CSCR 645, 646 (1992) (Aurigemma, J.). Accordingly, the motion to strike the third count is granted.
Count Four — Intentional Infliction of Emotional Distress
Allnet claims that Burrus has not alleged a proper claim of Intentional Infliction of Emotional Distress. Because Burrus has not alleged that an element of such a claim, that the distress sustained by the plaintiff was severe, Allnet claims that the fourth count is insufficient. Alternatively, Allnet claims that none of Burrus' allegations can be regarded as "extreme or outrageous" as is required to establish such a claim.
A plaintiff must establish four elements in order to state a sufficient claim for intentional infliction of emotional distress.
 It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and CT Page 13380 outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. . . . Thus, [i]t is the intent to cause injury that is the gravamen of the tort. . . .
Drew v. K-Mart Corp., 37 Conn. App. 239, 251, quoting DeLaurentis v. New Haven, 220 Conn. 225, 266-67,597 A.2d 807 (1991). Additionally:
 Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress. There is liability for conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a serious kind. . . . Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy this element is a question, in the first instance, for this court. Only where reasonable minds can differ does it become an issue for the jury.
(Internal Citations omitted; internal quotation marks omitted).Bosco v. MacDonald, 13 Conn. Law Rptr. 312 (Jan. 31, 1995) (West, J.) quoting Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17 (July 11, 1991) (Berdon, J.).
In the fourth count of the complaint, Burrus alleges that Allnet acted intentionally to inflict emotional distress; that Allnets refusing to hire Burrus when he was unemployed because of Allnet's offer of employment and because of race was extreme and outrageous conduct; and that the Allnet's conduct caused Burrus to suffer severe emotional distress. These allegations sufficiently allege the necessary to support such a claim. Accordingly, the motion to strike the fourth count is denied.
McDONALD, J. CT Page 13381