[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, John P. Ranciato, Jr. d/b/a Historic Restoration and Appraisal, and Historic Restoration and Appraisal, L.L.C., filed a single count complaint on June 27, 1997, alleging that the defendant, Timothy Nolan, a former employee of the plaintiffs, breached a non-competition agreement in his employment contract.
On February 5, 1999, the defendant filed an answer, special defenses and a counterclaim. The single count counterclaim alleges that the plaintiffs engaged in unfair and deceptive acts and/or practices in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.
Pursuant to Practice Book § 10-42(a), the plaintiffs filed a motion to strike the counterclaim and a memorandum in support of the motion to strike on May 14, 1999. The plaintiffs move to strike on the ground that the counterclaim is legally insufficient and fails to state a claim upon which relief can be granted because a cause of action that arises from an employer-employee relationship does not constitute "trade or commerce" under CUTPA.
The defendant filed a memorandum in opposition to the motion to strike on June 10, 1999, pursuant to Practice Book § 10-42
(b). In his memorandum in opposition to the motion to strike, the defendant argues that the counterclaim arises out of an overall business practice, unfair competition, rather than arising solely from the employer-employee relationship. CT Page 12822
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael. Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corp. v.Romano's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies, 240 Conn. 576, 580,693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the [pleader]." (Internal quotation marks omitted.) Id. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998).
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes §42-110b (a). The statute defines "trade or commerce" as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a (4). CUTPA "applies to a broad spectrum of commercial activity." Larsen Chelsey Realty Co. v.Larsen, 232 Conn. 480, 492, 656 A.2d 1009 (1995). "The entire Act is remedial in character; General Statutes § 42-110b (d);Hinchliffe v. American Motors Corp., 184 Conn. 607, 615 n. 4,440 A.2d 810 (1981), [on remand, 39 Conn. Sup. 107, 471 A.2d 980
(1982), aff'd, 192 Conn. 252, 470 A.2d 1216 (1984)]; and must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) LarsenChelsey Realty Co. v. Larsen, supra, 232 Conn. 492. "A plaintiff who seeks to prevail on a CUTPA claim must establish that the defendant engaged in unfair or deceptive acts or practices in theCT Page 12823conduct of trade or commerce." (Emphasis in original; internal quotation marks omitted). Banerjee v. Roberts, 641 F. Sup. 1093,1108 (D. Conn. 1986), citing General Statutes § 42-110b.
The plaintiffs argue that the counterclaim alleges a CUTPA violation arising from an employer-employee relationship, which does not fall within the definition of "trade or commerce" under CUTPA. The plaintiffs provide authority from the Appellate Court and the Superior Court for the proposition that employer-employee relationships do not fall within the definition of "trade or commerce" under CUTPA.
The defendant argues that he has adequately pled a CUTPA violation because this is an unfair competition case rather than an action exclusively involving the employer-employee relationship. The defendant argues that the plaintiffs, among other things, engaged in unfair and deceptive acts and/or practices in violation of CUTPA by threatening and/or harassing the defendant, and by unlawfully attempting to deprive him of his livelihood.
The motion to strike the counterclaim must be granted. CUTPA is inapplicable to a claim that involves an employer-employee relationship; such claim does not rise to the level of trade or commerce cognizable under CUTPA. See United Components, Inc. v.Wdowiak, 239 Conn. 259, 264-65, 684 A.2d 693 (1996). "[A]lthough an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the purpose of CUTPA." Ouimby v.Kimberly Clark Corp., 28 Conn. App. 660, 670, 613 A.2d 838
(1992). "[A]ctions by an employer during the existence of the employer-employee relationship do not fall within [the] definition [of "trade or commerce"]. "Kintner v. Nidec-TorinCorp., 662 F. Sup. 112, 113 (D. Conn. 1987). The defendant argues that the Supreme Court's decision in Fink v. Golenbock,238 Conn. 183, 680 A.2d 1243 (1996), controls the present case. The cause of action in Fink arose from a relationship between former partners and shareholders in a medical practice rather than from a relationship between an employer and employee. See id., 185-86. Furthermore, the court found that the former partner/defendant "took certain actions designed to usurp the business clientele of one corporation in favor of another" by threatening the plaintiff to prevent his return to the practice, and by using and/or transferring funds, assets, equipment, and clients to a new corporation. Fink v. Golenbock, supra, 238 Conn. 212, 214. CT Page 12824
Similarly in Larsen Chelsey Realty Co. v. Larsen, supra,232 Conn. 480, the Supreme Court held that the trial court improperly set aside the jury's finding of a CUTPA violation because the trial court focused on the employer-employee relationship rather than on the anticompetitive activities of the defendant, which were outside the scope of his employment. Larsen Chelsey RealtyCo. v. Larsen, supra, 232 Conn. 491. There, the defendant accepted a job with a competing company while still employed by the plaintiff and then, "acting as a competitor, took actions that harmed the plaintiff." Id., 494. The Court concluded that by falsely informing clients and business contacts that the plaintiff was going out of business, by taking that client base to a competitor and by taking the plaintiff's employees to a competitor, the defendant had engaged in unfair trade practices in violation of CUTPA. Id.; see also Intelisearch Inc. v. Milo,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 163353 (December 4, 1998, Karazin, J.) (CUTPA claim not based on the employer-employee relationship, but rather on the defendant's anticompetitive activities outside the scope of his employment).
The present case is distinguishable from the aforementioned cases in which courts have recognized CUTPA violations. The counterclaim alleges that the plaintiffs engaged in unfair and deceptive acts and/or practices within the meaning of CUTPA by:
"a. forcing the [defendant] to sign an unreasonable restrictive covenant as part of an alleged agreement which was not supported by consideration;
"b. forcing the [defendant] to sign an unreasonable restrictive covenant which is void as against public policy;
"c. threatening and/or harassing the [defendant];
"d. unlawfully attempting to deprive the [defendant] of his livelihood; and
"e. threatening and attempting to enforce an unreasonable restrictive covenant when, in fact, the [defendant] has not violated the terms of the alleged covenant and the [defendant] was never given access to information that the alleged covenant was designed to protect." (Counterclaim, ¶ 6.) CT Page 12825
The facts alleged in the counterclaim, if provable, would not support a cause of action under CUTPA. In his memorandum in opposition to the motion to strike, the defendant argues that this is an unfair competition case. Considering only those facts alleged in the counterclaim; see Faulkner v. United Technologies,
supra, 240 Conn. 580; There are no allegations that the plaintiffs engaged in wrongful conduct in violation of CUTPA outside of the employment relationship or after the defendant's termination of employment. Where "[n]one of the allegations involved can be said to involve anything but a disagreement over an alleged employment contract," a motion to strike is properly granted. Burrus v. Allnet Communication Services, Inc., Superior Court, judicial district of Waterbury, Docket No. 125637 (December 7, 1998, McDonald, J.) (15 Conn. L. Rptr. 481, 482). The Larsen court did not hold . . . that the door is open to the bringing of any CUTPA claim, for any reason, after the employee's employment is terminated. Rather, the CUTPA action in Larsen
arose out of a business practice." Mafcote Industries, Inc. v.Swanson, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150309 (January 15, 1998, D'Andrea, J.).
Unlike the facts in Fink and Larsen, the defendant has not alleged that the plaintiffs took any actions to usurp his business and/or clientele in favor of another business, or that the plaintiffs' wrongful business conduct went beyond the scope of the employment relationship. All of the alleged wrongful conduct of the plaintiffs arose from the employment contract and the employment relationship.
The counterclaim does not allege facts to support the claim that plaintiffs engaged in unfair and deceptive acts and/or practices outside the scope of the employer-employee relationship in violation of CUTPA. Hence, the plaintiffs' motion to strike the counterclaim be granted.
Howard F. Zoarski Judge Trial Referee