[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the third count of the complaint, on the ground that the Connecticut Unfair Trade Practices act (CUTPA) does not apply to banks and banking transactions; and does not apply to breach of contract actions.
The facts as alleged in the complaint are as follows. On January 19, 1990, the plaintiffs, John Gohsler, John Barbieri, Bruce Farnsworth and Richard Mercer, executed a commercial promissory note in favor to the defendant, Fleet Bank, N.A. The note provided that the interest rate was to be "a variable rate per year of the Bank Prime Rate (as it is established from time to time) plus two %." (Plaintiffs' Complaint, Exhibit A). On April 1, 1991, the plaintiffs entered into a Mortgage Modification Agreement with the defendant. The modification agreement modified the interest rate on the loan and provided that "[t]he interest rate shall be reviewable by the Mortgagee on an annual basis." (Plaintiffs' Complaint, Exhibit B). Thereafter, prior to January 19, 1992, the plaintiffs contacted the defendant and requested that the defendant, pursuant to the note and modification agreement, reduce the interest rate to two per cent over the defendant's prime interest rate. To date, however, the defendant has refused to reduce the interest rate.
As a result of the defendant's refusal, the plaintiffs filed a three-count complaint against the defendant. The first count is a breach of contract claim. The second count is a claim of breach of the duty of good faith and fair dealing, and the third count alleges violations of the Connecticut Unfair Trade Practices Act ["CUTPA"], General Statutes 42-110a.
On March 23, 1993, the defendant filed a motion to strike the third count of the plaintiffs' complaint along with a memorandum of law in support thereof. On April 2, 1993, the plaintiffs filed a memorandum of law in opposition to the defendant's CT Page 8926 motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Id., 108. "In deciding upon a motion to strike. . . a trial court must take the facts to be those alleged in the complaint. . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1190).
The court must construe the pleading "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations of the pleading would not support a cause of action, the motion to strike must be granted. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989).
The defendant moves to strike the third count on the grounds that (1) CUTPA does not apply to banks; (2) CUTPA does not apply to breach of contract actions; and (3) the plaintiffs have failed to sufficiently allege a CUTPA claim. Although there is a split of authority concerning whether banking activities are within the scope of CUTPA, this court has addressed the issue on a number of occasions. See Morrissey v. Connecticut National Bank, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 506035 (February 23, 1991, Hennessey, J.); Connecticut National Bank v. Alliance Petroleum Industries. Inc., 6 CTLR 529 (June 9, 1992, Hennessey, J.); Bank of Boston Connecticut v. Balbrae Associates Limited, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 371650 (January 25, 1991, Hennessey, J.). This court has adopted the majority view that "`[t]he issue of whether CUTPA applies to banks ultimately depends upon the type of activities in which the bank is allegedly engaged. When a bank is engaged in consumer-oriented activities. CUTPA should apply."' (Emphasis added.) Alliance Petroleum Industries, Inc., supra, 531, quoting 403, 406 (March 27, 1991, Dranginis, J.); see also Morrissey, supra, 7. The instant action arises out of a commercial loan transaction. (See Plaintiffs' Complaint, Exhibit A). The defendant was not engaged in consumer-oriented activities. Therefore, CUTPA is CT Page 8927 not applicable in the present action.
Since the court finds that CUTPA does not apply to banks under the instant facts, the court need not and does not address the other grounds for striking the third count. Accordingly, the defendant's motion to strike the third count is granted.
Hennessey, J.