[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant/third party plaintiff New Haven Savings Bank moves to strike third-party defendant Carlin's claim under CUTPA.
On December 16, 1992, the plaintiff, Venture Resource Group [Venture], originated this action against the defendant, New Haven Savings Bank [New Haven Savings], claiming, inter alia, that New Haven Savings is liable to Venture for conversion of funds in favor of Eugene Carlin, in violation of General Statutes § 42a-3-419(1)(c). Venture alleges that it was the employer of Carlin, that Carlin presented to New Haven Savings checks made payable to Venture, and that New Haven Savings credited the proceeds of the checks to Carlin's personal account without Venture's knowledge, consent or proper endorsement.
On September 14, 1992, New Haven Savings filed a motion to implead Carlin, and by revised third-party complaint dated October 20, 1993, New Haven Savings alleges that if Venture suffered financial loss, it was due to the acts of third-party defendant Carlin. On January 26, 1994, third-party defendant Carlin filed a four count counterclaim against New Haven Savings, alleging in count four that defendant/third-party plaintiff New Haven Savings' actions of freezing a bank account and notifying Chex Systems, Inc., a national bank account reporting service, that Carlin was involved in forgery constitutes an unfair trade practice in violation of General Statutes § 42-110 (a), the Connecticut Unfair Trade Practices Act [CUTPA]. On January 31, 1994, defendant/third-party plaintiff New Haven Savings filed a motion to strike count four of third-party defendant Carlin's counterclaim, along CT Page 5925 with a supporting memorandum of law, on the ground that CUTPA does not regulate or apply to bank transactions. On February 10, 1994, third-party defendant Carlin filed a memorandum in opposition to the motion to strike, asserting that CUTPA does apply to banks. Venture is not a party to this motion.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "[I]f the facts provable under its allegations would support . . . a cause of action, the motion to strike must fail." (Citations omitted.) Mingachos v.CBS, Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985).
General Statutes § 42-110 (b) states that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In determining whether a practice violates CUTPA, the courts utilize the following criteria:
 (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . .
(Citations omitted; internal quotation marks omitted.)Sanghavi v. Paul Revere Life Ins. Co., 214 Conn. 303,311-12, 572 A.2d 307 (1990); Sportsmen's Boating Corp. v.Hensley, 192 Conn. 747, 756, 474 A.2d 780 (1984). The Connecticut Supreme Court has acknowledged the statement of the Federal Trade Commission that all three criteria need not be satisfied to support a finding of unfairness and that a practice may be deemed unfair because of the degree to which it meets one of the criteria. Atlantic Richfield v. Canaan Oil Co.,202 Conn. 234, 242, 500 A.2d 1008 (1987).
Both third-party defendant Carlin and defendant/third-party plaintiff New Haven Savings acknowledge the split of authority in the superior court regarding whether CUTPA CT Page 5926 applies to banks. Defendant/third-party plaintiff New Haven Savings argues that the Connecticut Supreme Court has held that CUTPA does not apply to transactions when those transactions are: (1) explicitly subject to a different and specifically applicable statutory remedy; and (2) not among the types of transactions to which the Federal Trade Commission Act has been applied. Connelly v. HousingAuthority, 213 Conn. 354, 361-62, 567 A.2d 1212 (1990). Defendant/third-party plaintiff New Haven Savings argues that according to Connelly, because it is regulated by state banking laws and state regulations the application of CUTPA to banking activity already regulated is not warranted. In opposition to the motion to strike, third-party defendant Carlin argues that the most compelling reason for the court to decide that CUTPA does apply to banks is that the legislature did not specifically exempt banks from CUTPA.
This court has previously adopted the reasoning set forth in Economic Development Associates v. Cititrust,3 Conn. L. Rptr. 403 (March 27, 1991, Dranginis, J.), wherein the court held that "[t]he issue of whether CUTPA applies to banks ultimately depends upon the type of activities in which the bank is allegedly engaged. When a bank is engaged in consumer-oriented activities, CUTPA should apply." Id., 406; see Connecticut National Bank v. Alliance PetroleumIndustries, Inc., 6 Conn. L. Rptr. 529 (June 9, 1992, Hennessey, J.).
In count four of his counterclaim, third-party defendant Carlin alleges (i) that defendant/third-party plaintiff New Haven Savings is a savings bank, (ii) that Carlin opened a bank account with New Haven Savings, (iii) that New Haven Savings froze Carlin's bank account and has continued to prevent Carlin from withdrawing his money or from otherwise using the account, (iv) that Carlin is entitled to and has demanded his property, (v) that New Haven Savings has refused to return the property to Carlin and has converted the same to its own use, (vi) that New Haven Savings reported Carlin to a national bank account reporting service as being involved in forgery and that Carlin has suffered loss as a result, and (vii) that the actions outlined above are violations of CUTPA.
The above allegations made by third-party defendant Carlin against defendant/third-party plaintiff New Haven Savings are consumer-oriented in nature in that the CT Page 5927 allegations concern Carlin's personal bank account with New Haven Savings, and New Haven Savings' actions in relation to that personal account. There are no allegations that bring these transactions into the realm of "commercial activity." See Gohsler v. Fleet Bank, 8 CSCR 1113 (September 23, 1993, Hennessey, J.); Morrissey v. Connecticut NationalBank, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 506035 (February 23, 1993, Hennessey, J.); Connecticut National Bank v. Alliance PetroleumIndustries, Inc., supra. Therefore, under the facts as alleged, CUTPA applies. Accordingly, the motion to strike is denied.
Mary R. Hennessey, Judge