[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court should grant a motion for summary judgment when there are no material facts in dispute and the affidavits and other documentary evidence show that the movant is entitled to judgment as a matter of law. Scrapchansky v. Plainfield,226 Conn. 446, 450, 627 A.2d 1329 (1993). The evidence submitted must be construed in the light most favorable to the nonmovant. Id.
The plaintiff argues that, in its counterclaim, Country relies on the allegations in its special defenses, and that the court has already held that these allegations are legally insufficient.
The defendant argues that there are material issues of fact in dispute: 1) whether the plaintiff issued monies for the purchase of land, rather than solely for building improvements; 2) whether the plaintiff advanced money in excess of the limits set in the mortgage deed; and 3) whether these business practices violate General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
General Statutes § 42-110b(a) provides that "[n]o person shall engage in unfair ir methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The court looks to the following criteria in order to determine whether a business practice violates CUTPA:
 "`(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; 2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes CT Page 6465 substantial injury to consumers [(competitors or other businessmen)].'"
(Citations omitted.) Cheshire Mortgage Service, Inc. v. Montes,223 Conn. 80, 105-06, 612 A.2d 1130 (1992).
The majority of superior court cases hold that CUTPA applies to banks. Economic Development Associates v. Cititrust,3 Conn. L. Rptr. 403, 405 (March 27, 1991, Dranginis, J.); see also Southington Savings Bank v. Village Builders Developers,Inc., 7 Conn. L. Rptr. 586, 587 (November 10, 1992, Berger, J.) (lists a number of cases holding that CUTPA applies to banks). However, "`"[t]he issue of whether CUTPA applies to banks ultimately depends upon the type of activities in which the bank is allegedly engaged. When a bank is engaged in aconsumer-oriented activities, CUTPA should apply."'" (Citations omitted.) Gohsler v. Fleet Bank, 8 CSCR 1113 (September 23, 1993, Hennessey, J.). "CUTPA was designed by the legislature `to put Connecticut in the forefront of state consumer protection.'" (Citation omitted.) Heslin v. Connecticut Law Clinicof Trantolo Trantolo, 190 Conn. 510, 515, 461 A.2d 938 (1983). Consequently, "a claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm to him or her." Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 727, 627 A.2d 374 (1993). A CUTPA claim requires that the violator advertise, sell, lease or distribute a service or property to the claimant. General Statutes § 42-110a(4);Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, 670,613 A.2d 838 (1992).
In the present case, Country did not have a consumer relationship with BOBC or any direct dealing with BOBC.
In addition, the loan from BOBC to Victoria was commercial, and therefore, not within the purview of CUTPA as applied to a bank. See e.g., Gohsler v. Fleet Bank, supra, 8 CSCR 1113
(commercial loan transaction is not a consumer-transaction);American National Bank v. Ginsburg, 6 Conn. L. Rptr. 80
(February 24, 1992, Curran, J.) (CUTPA does not apply to mortgages securing commercial property); but see EconomicDevelopment Associates v. Cititrust, supra, 3 Conn. L. Rptr. 406
(denying motion to strike CUTPA claim that mortgagee bank inappropriately accelerated debt of mortgagor who was a developer building condominiums). CT Page 6466
Accordingly, the plaintiff's motion for summary judgment on the counterclaim is granted.
SYLVESTER, J.