JAGDISH M. SANGHAVI *v.* THE PAUL REVERE
LIFE INSURANCE COMPANY
(13810)

PETERS, C. J., HEALEY, CALLAHAN, GLASS and COVELLO, Js.

Argued January 4—decision released March 27, 1990

*J. Kevin Golger,* for the appellant-appellee (defendant).

*Richard J. Shapiro,* for the appellee-appellant (plaintiff).

GLASS, J. This appeal concerns the interpretation and application of certain provisions of an income option rider (rider) to a disability insurance policy that was issued by the defendant, The Paul Revere Life Insurance Company (Paul Revere), to the plaintiff, Jagdish Sanghavi.

The parties have agreed, by a stipulation of facts dated October 13, 1987, that Paul Revere issued to Sanghavi a disability policy on July 7, 1976, that provided for indemnity benefits of $600 per month during the period of disability. For additional consideration, Paul Revere issued a rider to the policy that provided for seven future income options, each in the amount of $100 per month, that could be exercised by Sanghavi pursuant to the terms and conditions of the policy until July 7, 1990. Specifically, the rider stated that monthly payments would be increased, regardless of the status of Sanghavi's health, provided that he met the following four conditions:

"1. That the insured submit a written request and pay an additional premium, unless the premium is waived, within prescribed time limits.

"2. The requested increase cannot exceed the maximum disability income coverage then being offered by

the company to new applicants of the same classification of risk as is the insured, according to the company's then published underwriting and participation limits.

"3. The insured's monthly earned income is sufficient to qualify for an increase on the anniversary option date according to the company's then published income limits.

"4. The insured may exercise only one increase during each period of the continuous disability regardless of the number of anniversary options which become due during such disability."

On July 7, 1978, Sanghavi completed and forwarded an application to exercise the first option pursuant to the rider. His application was approved and his monthly benefit was increased by $100 to $700 per month.

In February, 1979, Sanghavi was declared to be totally disabled and has remained totally disabled since that time. In accordance with the policy, Paul Revere has paid Sanghavi $700 per month because of his disability and continues to make such payments to him. By correspondence dated May 24, 1982, Sanghavi attempted to exercise two options to purchase additional monthly benefits which, if granted, would have increased his monthly benefits to $900. Paul Revere, however, refused to honor Sanghavi's request, claiming, pursuant to condition three of the rider: (1) that Sanghavi failed to provide adequate information concerning his income and other sources of disability insurance; and (2) that Sanghavi's income was insufficient to warrant such an increase in monthly benefits.

Sanghavi then commenced this action by filing a three count complaint dated June 1, 1983. In the first count, he alleged that Paul Revere breached its contract with him by not increasing his monthly benefits in accordance with the rider. The second count alleged

that Paul Revere's issuance of the insurance policy and refusal to grant increased benefits constituted a violation of General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA). In his third count, Sanghavi sought a declaratory judgment entitling him to all indemnity increases that would have fallen due subsequent to the commencement of the action.

By memorandum of decision dated June 13, 1988, the state trial referee, *Hon. Milton J. Herman,* found in favor of Sanghavi as to the first and third counts and as to Paul Revere on the second count. In particular, the trial court found that conditions three and four of the rider were invalid, and, as a result, retroactively awarded Sanghavi the two increase options that he attempted to exercise on May 24, 1982. The trial court also held, pursuant to the third count, that Sanghavi was entitled to all future increase options as they became due. Finally, the trial court found "nothing in the stipulated factual situation to support" Sanghavi's CUTPA claim. Each party then appealed the adverse portions of the decision to the Appellate Court, and, pursuant to Practice Book § 4023, this court transferred the appeal to itself.

Specifically, Paul Revere claims on appeal that the trial court erred: (1) in finding conditions three and four of the rider to be invalid, and, therefore, awarding Sanghavi the two increase options that he had attempted to exercise; and (2) in ruling that Sanghavi was entitled to all future increases in disability benefits. Sanghavi, on cross appeal, argues that the trial court erred in not finding Paul Revere's actions pursuant to his policy to be a violation of CUTPA. In addition, Sanghavi asserts that the trial court's finding that conditions three and four were invalid could have been supported on broader grounds than those set forth in the memorandum of decision. We find no error, except in regard to the trial

court's invalidation of condition four of the rider. As a result, the ruling of the trial court stands, except that Sanghavi should be allowed only one increase, instead of two.

I

Paul Revere does not take issue with Sanghavi's eligibility as to the first two conditions in the rider. Therefore, the dispositive issue in this appeal is whether the trial court correctly ruled that conditions three and four were invalid, and, therefore, Sanghavi, having met the only two valid conditions in the rider, was entitled to the increases in question.

A

The trial court ruled that condition three was invalid because it violated General Statutes § 38-167. We agree. "The privilege of engaging in the insurance business within this state necessarily implies the requirement of conforming to existing statutes . . . ." *Whitfield* v. *Empire Mutual Ins. Co.,* 167 Conn. 499, 507, 356 A.2d 139 (1975). "[A]ny provisions of a private contract of insurance which conflict with the statutes or regulations must give way to the latter." *Safeco Ins. Co.* v. *Vetre,* 174 Conn. 329, 333, 387 A.2d 539 (1978). General Statutes § 38-167 mandates that each policy of health or accident insurance delivered to any person in Connecticut shall contain the following language, or alternative approved language that is not less favorable to the insured: " 'ENTIRE CONTRACT: CHANGES': This policy, including the endorsements and the attached papers, if any, constitutes the entire contract of insurance." As the trial court noted, "[t]he purpose of the 'entire contract' provision is to apprise the insured of all his rights and duties under the agreement. Such an 'entire contract' provision was included in [Sanghavi's] disability policy."

Condition three, however, bases the determination of whether an increase in benefits will be granted by reference to "the company's then published income limits." It is undisputed that such limits were not appended to Sanghavi's policy, and at no time were such limits made available to him. The trial court thus struck condition three from the rider, ruling that it was violative of § 38-167 because the income limitation tables were not appended to the policy. In particular, the trial court stated that "by failing to attach or provide the plaintiff with . . . income limits, the defendant failed to present the plaintiff with the entire contract or to apprise him of all his rights under the policy. Rather, the defendant drafted its policy in such a way that the plaintiff's right to increased benefits can be modified, controlled and defined solely by the defendant. This is contrary to the purpose of [General Statutes] § 38-167. . . . Therefore, [condition three] must give way to the statute in order to give full effect and meaning to the 'entire contract' provision." We agree with this analysis of the trial court which properly applied the relevant law to this issue.[1]

B

Condition four limits the insured to only *one* increase during each period of disability. The trial court held that this condition was invalid and, therefore, awarded Sanghavi the *two* increases that he had requested during his period of disability. Paul Revere, however, asserts that the trial court erred in invalidating condition four. We agree.

The trial court's award implicitly rested on one of three grounds, as Sanghavi suggests, that condition

---

[1] Sanghavi also argues that condition three is invalid as it is an illusory promise and is ambiguous and in conflict with itself. Because we hold condition three to be invalid pursuant to General Statutes § 38-167, we need not, however, examine Sanghavi's assertions regarding these alternate grounds for invalidating condition three.

four may be invalid: (1) because it is in conflict with the rider itself, creating an ambiguity in the contract that must be resolved against the insurance company; (2) because it is in violation of General Statutes § 38-166 (a) (5); and (3) because it is inconspicuous and unenforceable.

Sanghavi claims that condition four's limitation of one increase during a period of disability is in conflict with the rider's provision of guaranteed physical insurability. Specifically, Sanghavi contends that, given the fact that the rider provides that his health would not be a factor in his application for increases in benefits, condition four's taking into account of the insured's disability circumvents this guarantee. We disagree. In particular, we perceive a distinction between "health" and "disability." Sanghavi bargained for a situation whereby he could, except during periods of disability, apply for increases in benefits without his health being at issue. Thus, by the terms of the policy, if Sanghavi did indeed become disabled, he would then be limited to only one increase.

Sanghavi also contends that condition four is violative of General Statutes § 38-166 (a) (5).[2] Specifically, he argues that § 38-166 "requires that exceptions and reductions to indemnity be isolated and properly captioned or, if they relate to a particular benefit provision, they should be included with the particular benefit to which the said exception or reduction applies. In the rider issued to the plaintiff, neither requirement has been fulfilled. There is no paragraph which is captioned

---

[2] General Statutes § 38-166 (a) (5) provides: "[T]he exceptions and reductions of indemnity are set forth in the policy and, except as provided in section 38-167, are printed, at the insurer's option, either included with the benefit provision to which they apply, or under an appropriate caption such as 'EXCEPTIONS' or 'EXCEPTIONS AND REDUCTIONS,' provided, if an exception or reduction specifically applies only to a particular benefit of the policy, a statement of such exception or reduction shall be included with the benefit provision to which it applies."

in compliance with this statute nor does the limitation appear in the same paragraph entitled 'Benefits.' "[3] We do not believe, however, that § 38-166 is applicable to condition four, because condition four is in fact a condition and not an exception. " 'The object of an exception is to exclude that which would otherwise be included, to take special cases out of a general class.' " *Young* v. *American Fidelity Ins. Co.*, 2 Conn. App. 282,

---

[3] The future income option rider reads, in part, as follows: "INCREASE IN MONTHLY INDEMNITY OPTION. The Company agrees, subject to the terms and conditions hereinafter set forth and while this Benefit and the policy to which it is attached are in force, to increase, without evidence of physical insurability, the Monthly Indemnity for Total Disability specified in the Policy Schedule of the policy in an amount equal to the Unit of Monthly Indemnity Increase or portion thereof set forth for this Benefit in the Table of Supplementary Benefits of the Policy Schedule upon each of the Anniversary Option Dates described below, provided (1) the written request of the Insured for such Monthly Indemnity Increase or portion thereof is received by the Company at its Home Office within sixty days immediately preceding an Anniversary Option Date and the required first additional premium is paid during such period or not later than thirty-one days after the Anniversary Option Date, unless the payment of such premium is waived in accordance with the 'Premium' provision below; and (2) such Monthly Indemnity Increase together with similar total disability indemnity benefits under the policy and all other valid disability income coverage (excluding Workmen's Compensation benefits) provided by this or any other insurer or by any state, provincial or federal governmental agency does not exceed the maximum disability income coverage being offered by the Company to new applicants of the Insured's classification of risk on the Anniversary Option Date according to the Company's then published underwriting and participation limits; and (3) the Insured's monthly earned income is sufficient to qualify for an increase in Monthly Indemnity on the Anniversary Option Date according to the Company's then published income limits; and provided further that the Insured may exercise only one Increase in Monthly Indemnity Option during each period of the continuous disability regardless of the number of Anniversary Options which become due during such disability.

"For purposes of this Benefit, 'earned income' means the greater of the monthly earnings of the Insured on the date of request for such Monthly Indemnity Increase or his average monthly earnings during any consecutive two-year period in which his average monthly rate of earnings is the highest in the last five years immediately preceding the date of such request, and shall not include any investment income or other income not derived from the Insured's vocational activities."

286, 479 A.2d 244 (1984), quoting Black's Law Dictionary (5th Ed.). Condition four does not operate to reduce indemnity benefits to which the insured is already entitled. Rather, it operates prospectively, as a condition that must be satisfied before the insured can exercise additional options.

In sum, condition four of the rider clearly and unambiguously states that the insured has bargained for only one increase in monthly benefits during a period of disability. We are unpersuaded by Sanghavi's assertion that condition four is invalid,[4] and, therefore, hold that the trial court erred in striking condition four from the rider.

## II

Finally, on the cross appeal, Sanghavi argues that the trial court erred in failing to sustain his CUTPA claim. The trial court stated: "There is nothing of evidentiary significance that the court can rely on to support the plaintiff's position in support of this count." Sanghavi asserts, however, that his CUTPA claim is supported by the facts of the stipulation. We disagree.

CUTPA provides that "[n]o person shall engage in unfair . . . or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b. In determining whether the practice in question violates CUTPA, courts employ the following criteria: " ' "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppres-

---

[4] Furthermore, we conclude that condition four is not inconspicuous and therefore invalid.

sive, or unscrupulous; (3) whether it causes substantial injury to consumers . . . . " ' " *Mead* v. *Burns,* 199 Conn. 651, 664–65, 509 A.2d 11 (1986), quoting *FTC* v. *Sperry & Hutchinson Co.,* 405 U.S. 233, 244 n.5, 92 S. Ct. 898, 31 L. Ed. 2d 170 (1972). After examination of the stipulated facts in light of the above criteria, we agree with the trial court that there is no proper evidentiary support for Sanghavi's assertion of a CUTPA violation.

In conclusion, we hold that the trial court correctly ruled that condition three of the rider was invalid. We also hold, however, that the trial court erred in invalidating condition four. As a result, Sanghavi is entitled only to one increase in benefits.[5]

There is error in part on the appeal, the judgment is set aside and the case is remanded with direction to render judgment awarding to the plaintiff one retroactive increase only; there is no error on the cross appeal.

In this opinion the other justices concurred.

---

[5] In addition, our holding condition four to be valid necessarily renders erroneous the trial court's declaratory judgment granting Sanghavi the right to receive future income option increases as they became due. Given that Sanghavi has been totally disabled since 1979, under the terms of condition four, he is not entitled to exercise any future options, aside from the one increase that we have upheld, until such time as he ceases to be disabled.