[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#112.00)
I ISSUE
Should plaintiff's motion to strike count six of defendant's counterclaim be granted on the grounds that CUTPA does not apply to banks and the facts alleged do not support a CUTPA claim.
There is a split of authority in the Superior Courts as to CT Page 6175 whether CUTPA applies to banks.
Accordingly, the motion to strike count six of the counterclaim is denied.
II FACTS
This action arose as a result of a strict foreclosure and deficiency judgment.
The motion before the court is plaintiff First Constitution Bank's (Bank) motion to strike count six of defendant Robert Booker's (Booker) counterclaim alleging a violation of Conn. Gen. Stat. 42-110b, the Connecticut Unfair Trade Practices Act.
The defendant alleged in his counterclaim that he executed a commercial construction promissory note securing a mortgage on two parcels of property. The defendant further alleged that despite a written commitment to do so, the bank refused to advance certain construction monies to the defendant. In addition, Booker alleged that the Bank attempted to force Booker to convey one parcel of the subject property to a third party against his will. He further alleges that the Bank represented to him that it would enter into the necessary loan agreements to fund fully the construction project and that those representations, upon which he relied, caused him to purchase the two parcels. He also alleged that he had a long standing relationship with the Bank, such relationship giving rise to an implied covenant of good faith and fair dealing which the Bank breached.
Booker incorporated the allegations of the first five counts of the counterclaim into the sixth count and alleged that the Bank's actions amounted to an unfair and deceptive trade practice in violation of Conn. Gen. Stat. 42-110b.
The Bank now moves to strike count six of the defendant's counterclaim, alleging unfair and deceptive trade practices. both parties filed memoranda of law.
III DISCUSSION
The motion to strike contests the legal sufficiency of the counterclaim. Practice Book 152 (1990). The court is limited to the facts alleged in the [counterclaim], Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988), and must construe those facts in a manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278 (1988). If facts provable under the allegations would support a defense or cause of action, the CT Page 6176 motion to strike must fail. Ferryman v. Groton, 212 Conn. 138,142 (1989).
The plaintiff Bank argues in support of its motion that banks are exempt from CUTPA claims and the defendant's CUTPA claim should be stricken.
The defendant argues in opposition that CUTPA does apply to banks. The defendant further notes that there is a split of authority in the Connecticut Superior Courts on this question, but that the better reasoned opinions have held that claims under CUTPA can be maintained. The defendant further argues that he has alleged sufficient facts to sustain his CUTPA cause of action, and that it should not be stricken.
1. Whether CUTPA applies to banks
The Connecticut Supreme Court has not addressed this issue, but a "significant majority of Superior Court decisions. . . have determined that CUTPA applies to banks." Economic Development Associates v. Cititrust, 3 Conn. Law Rptr. No. 16, 517, 520 (April 15, 1991), and "[w]hen a bank is engaged in consumer-oriented activities, CUTPA should apply." Id. at 520.
The defendant is a consumer for the purpose of this motion to strike. Further, CUTPA applies to banks and accordingly, the court cannot grant plaintiff's motion to strike defendant's CUTPA claim on the ground that CUTPA does not apply to banks. See also Connecticut National Bank v. Gager, 4 Conn. L. Rptr. No. 1, 11 (May 20, 1991, Leuba, J.); Andrus v. North American Bank, 3 Conn. L. Rptr. No. 17, 567 (April 22, 1991, Fuller, J.); Westledge Real Estate, Inc. v. Suffield Bank,3 Conn. L. Rptr. 217
(February 11, 1991, Clark, J.). But see People's Bank v. Horesco, 1 CS CR 62, (January 22, 1986, Jacobson, J.)
2. Whether the defendant has alleged sufficient facts to maintain a cause of action under CUTPA
Our Supreme Court has set out the criteria to be used in determining whether a practice violates CUTPA.
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes CT Page 6177 substantial injury to consumers [(competitors or other businessmen)].
Sanghari v. Paul Revere Life Ins. Co., 214 Conn. 303, 311-12
(1990).
A practice is unfair if it violates any of the three prongs of the test. McLoughlin Ford, Inc. v. Ford Motor Co.,192 Conn. 558, 569 n. 15 (1984). A practice may be unfair because of the degree to which it meets one of the criteria, or because it meets all the criteria to a lesser degree. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242 (1987). The defendant alleged that the Bank refused to honor its written commitments to advance construction monies after it had made representations inducing the defendant, with whom it had a long-standing confidential relationship, to purchase two parcels of land and to commence construction activities. He further alleged that the Bank used undue influence to attempt to force him to convey one parcel of his property to a third party against his will.
Construing the allegations in the manner most favorable to the nonmovant, the defendant has alleged sufficient facts to state a claim under CUTPA. Accordingly, the plaintiff Bank's motion to strike count six of the defendant's counterclaim is denied.
KARAZIN, J.