[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE PLAINTIFF'S CUTPA CLAIM (#139)
This is defendant AMS Interiors ("AMS") motion to strike plaintiff Richard King's Unfair Trade Practice Claim under Conn. Gen. Stat. 42-110b.
In count three of his complaint, plaintiff King alleges that:
 (1) AMS represented to Kings that: (a) AMS was competent to supervise construction work; (b) that AMS would determine if the work were done in a workmanlike manner; (e) and that the AMS employees had the background and experience to supervise the work; (2) the AMS employees had not supervised construction of similar home improvement work; (3) the employees did not possess the necessary experience and were not competent to supervise said work and could not determine if the work were performed in a workmanlike manner; (4) the Kings relied on AMS' representations and were injured substantially.
The defendant AMS Interiors argues that King is merely realleging, restating and "adding little" to his claim which was twice stricken by the court, Lewis, J. and Mottolese, J. AMS relies on Gibbs v. Mase, 11 Conn. App. 289, 1987, wherein the court found that the trial court could reasonably have found that the defendant's breach of contract was not offensive to public policy, and therefore not a violation or CUTPA. In Gibbs, which concerned a prejudgment real estate attachment, CT Page 6167 "the plaintiff's principal argument is that, by proving that the defendant had signed a contract in which he had made statements that certain work would be performed, [the plaintiffs] clearly established probable cause that the defendant had violated the provisions of CUTPA." Gibbs, 11 Conn. App. at 295. The Appellate Court affirmed the trial court's conclusion that because the damages suffered by the plaintiffs were only $1,750, the defendant's breach of the contract did not offend public policy, and therefore it was unlikely plaintiffs would prevail on their CUTPA claim. Gibbs, 11 Conn. App. at 297.
In the instant case the plaintiff has alleged misrepresentations as to the defendant's employees' competence and experience to supervise home improvement construction and to evaluate such construction for workmanlike quality and building code compliance. He also alleged substantial injury.
For the motion to strike, the plaintiff must allege a recognizable cause of action in his complaint, Weiss v. Wiederlight, 208 Conn. 525, 535 n. 5 (1988) and the court is limited to the facts alleged in the complaint, Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988) which facts must be construed most favorably to the pleader. Rowe v. Godou, 209 Conn. 273, 278 (1988). If facts provable under the allegations would support a defense or cause of action, the motion to strike must fail. Ferryman v. Groton, 212 Conn. 138,142 (1989).
Our Supreme Court has set out criteria for determining when a practice is unfair:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
Sanghari v. Paul Revere Life Ins. Co., 214 Conn. 303, 311-12
(1990).
A practice is unfair if it violates any of the three prongs of the test. McLaughlin Ford, Inc. v. Ford Motor Co.,192 Conn. 558, 569 n. 15 (1984). A practice may be unfair because of the degree to which it meets one of the criteria, or because it meets all the criteria to a lesser degree. Atlantic CT Page 6168 Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242 (1987). The plaintiff alleged that the defendant represented itself as having experience in, and being competent to supervise home construction work so as to determine that the construction work was done in a workmanlike manner and in conformity with building codes. He further alleges that he relied on the representation and they were not competent in the area represented. Allegedly he was substantially injured as a result.
In construing the allegations in the manner most favorable to the nonmovant, the plaintiff has not alleged sufficient facts to come "within at least the penumbra of some. . .established concept of unfairness. . . ." Sanghari, 214 Conn. at 311-12. As pled, plaintiff has alleged simply a breach of contract. Absent allegations of conduct by the defendant which would establish more than a simple case of misrepresentation, the plaintiff has failed to state a claim for relief under CUTPA. See LoMonte v. Thomas Rice d/b/a Pathway Enterprises, 3 Conn. L. Rptr. No. 8, 240, 241 (January 30, — 1991, Aronson, J.).
Accordingly, defendant's motion to strike the plaintiff's claim under Conn. Gen. Stat. 42-110b is granted.
KARAZIN, J.