[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW
This matter comes before the court on Plaintiff's Motion to Strike count three of Defendant Mary Reed's counterclaim which alleges a violation of the Connecticut Unfair Trade Practices Act, (CUTPA), Connecticut General Statutes section 42-110, et seq.
To date there has been no Connecticut Supreme Court authority on whether or not CUTPA applies to banks. The Superior Court, on the other hand, has addressed the issue numerous times so that a clear split of authority exists. The court need not recite the cases which the Superior Court of our state have addressed.
This court is persuaded by the well reasoned opinion in Economic Development Associates vs. City Trust, 17 Conn. L. Trib. 16 (April 22, 1991) (Dranginis, J.) which concluded after a lengthy review of cases and state and federal statutory construction, that CUTPA may apply to banks. The pivotal issue, after making the seminal determination of the applicability of CUTPA, is to determine the type of activity in which the bank is allegedly engaged. When a bank is engaged in consumer oriented CT Page 6859 activities, the Act should apply. Conversely, it should not apply if the alleged activity is not consumer oriented.
In Sanghari vs. Paul Revere Life Insurance Company,214 Conn. 303, 311-312 (1990) our Supreme Court gave us some criteria in the determination as to whether a particular practice violates CUTPA:
 (1)(W)hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise whether, in other words, it is within at least the penumbra of common law, statutory or some other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes unsubstantial injury to consumers (competitors or other businessmen).
All three criteria need not be satisfied to support a finding of unfairness and a practice may be unfair because of the degree to which it meets one of the criteria or to a lesser degree because to a lesser degree it meets all three. See Atlantic Richfield vs. Canaan Oil Co., 202 Conn. 234, 242
(1987).
The following facts are alleged in the third count of the counterclaim. Defendant executed a guarantee without the plaintiff explaining the legal effect of such a document. The guarantee was falsely witnessed by a representative of the plaintiff's bank. Based solely on the guarantee, the plaintiff embarked upon a course of lending to the borrower/maker, so outrageous that it shocked the conscience. The bank also failed to notify or inform the guarantor of its course of lending and that the plaintiff continued to lend money even though it knew that the borrower could not possibly repay the money. It further failed to properly monitor the loan and to pursue other sources of repayment. The defendant finally alleges that the actions and omissions by the plaintiff bank constituted direct and intentional violation of CUTPA and that such conduct was unethical.
This court concludes that the "alleged underlying activity" is clearly consumer oriented and therefore a CUTPA claim, under these particular allegations, lies.
The Motion to Strike is denied. CT Page 6860
Mihalakos, J.