[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #101
The plaintiff, Pebco Buildings, Inc., instituted this action against the defendants, Lawrence Brunoli, Inc. and Firemen's CT Page 10265 Insurance Company of New York, to recover payments allegedly due under a construction contract. The defendant Brunoli now moves to strike the third count of the complaint alleging a violation of General Statutes Sec. 42-110a, the Connecticut Unfair Trade Practices Act (CUTPA) on the grounds that it only alleges a single transaction and fails to allege conduct that rises to the level of a CUTPA claim. The defendant filed a memorandum of law in support of its motion, and the plaintiff timely filed a memorandum in opposition.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Citation omitted.) Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The motion to strike admits all facts well pleaded; Ferryman v. Groton, supra, 142; and "[t]he court must construe the facts most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, supra, 170. While this includes facts necessarily implied and fairly provable, it does not include legal conclusions or opinions stated in the complaint. Westport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 495, 605 A.2d 862 (1992). In fact, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 432 (1989).
The defendant argues that the third count only alleges a single act and therefore cannot constitute a CUTPA violation. The defendant also argues that this count fails to allege conduct rising to the level of a CUTPA violation. In opposition, the plaintiff contends that a single act is sufficient to support a CUTPA violation and that a general contractor's failure to pay a subcontractor is sufficient to support a CUTPA claim.
The issue of whether a single act constitutes a CUTPA violation has not been resolved by the Connecticut appellate courts. The majority of Superior Court decisions, including those of this court, have held that a litigant need not allege more than a single transaction in order to bring a CUTPA claim. Garfield v.Mason, 9 CSCR 490 (April 13, 1994, Pickett, J.); Chrysler CreditCorporation v. Berman, Superior Court, Judicial District of Litchfield, No. 05791 (June 10, 1993, Pickett, J.). The defendant's motion, thus, cannot be granted on this ground. CT Page 10266
In determining whether a practice violates CUTPA, a court should employ the following criteria:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
Sanghari v. Paul Revere Life Ins. Co., 214 Conn. 303, 311-12,572 A.2d 307 (1990). In this case, the third count incorporates the allegations of the first count without adding any new allegations. The first count alleges that the defendant Brunoli has failed and refused to make payments under a construction contract.
"An allegation of breach of contract is insufficient in and of itself to support a CUTPA claim." Petco Insulation v. StackContracting Serv., Superior Court, Judicial District of Waterbury, Docket No. 105487 (January 18, 1994, Sylvester, J.) quoting, Daltonv. Kuell, 10 Conn. L. Rptr. No. 1, 22, 23 (September 14, 1993, Higgins, J.); see also, Emlee Equipment Leasing v. WaterburyTransmission, Inc., 3 Conn. L. Rptr. 711, 713 (January 23, 1991, Leuba, J.); La Monte v. Rice, 3 Conn. L. Rptr. 189 (January 30, 1991, Aronson, J.). "A simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act." Emlee EquipmentLeasing Corporation v. Waterbury Transmission, Inc., 41 Conn. Sup. 575,580 (1991) quoting Bartolomeo v. S.B. Thomas, Inc., 889 F.2d 530,535 (4th Cir. 1989). The third count fails to allege any conduct elevating the claim above a simple breach of contract. It therefore fails to allege a legally sufficient claim under CUTPA. Accordingly, the defendant Brunoli's motion to strike the third count is granted.
PICKETT, J. CT Page 10267