[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this case is Capitol City Personnel Services Inc. a Connecticut corporation licensed to do business in the state of Connecticut which corporation acted through its subsidiary organization Capitol City Health Care. The defendants are Harriet Franklin a former employee of Capitol City Personnel and Superlative Home Care, Inc. a Connecticut corporation licensed to do business in the state of Connecticut which corporation was formed and controlled by Harriet Franklin. The plaintiff has filed an amended complaint bringing an action against Harriet Franklin as an individual and Superlative Home Care, Inc. alleging three separate causes of action in three separate counts.
In the first count plaintiff alleges an unlawful interference with a business relationship in which she claims that Harriet Franklin a former employee who occupied a position of trust in the plaintiff corporation, while working for the plaintiff corporation, intentionally interfered with the plaintiff's business and as a result the plaintiff suffered actual loss. In the second count the plaintiff alleges a breach of a fiduciary duty in that the defendant, Harriet Franklin, while occupying a position of trust for the plaintiff corporation formed a separate corporation to do work similar to that of the plaintiff and, using information gleaned while working for the plaintiff, recruited clients of the plaintiff to work for her corporation. In the third count the plaintiff alleges a violation of Sec. 42-110 (b) CGS known as CUTPA.
The defendants did not answer the amended complaint. However, at trial the defendants were allowed by the court, CT Page 1711 with the agreement of plaintiff, to file an oral denial of the allegations of the amended complaint with the original counterclaim included.
This counterclaim is brought in three counts. The first count alleges defamation causing the defendant to suffer humiliation, emotional distress and embarrassment. The second count is an allegation of a violation of CUTPA, Section 42-110b Connecticut General Statutes, by contacting various health care facilities and threatening, coercing or otherwise interfering with a business relationship or may wish to have with the defendant causing an ascertainable loss of business. The third count alleges that the plaintiff brought litigation against the defendant to vex, harass or otherwise impair her ability to conduct business in the state of Connecticut all to her loss and damage. This counterclaim is brought by the individual defendant, Harriet Franklin, and not by the corporate defendant.
In this case a brief was filed by the plaintiff but the right to file a brief was waived by the defendants. The court, having heard the parties, finds the following facts: On or about July 1, 1991 the plaintiff through its subsidiary, Capitol City Health Care, conducted a business consisting of the placement of health care personnel in health care facilities and with ailing individuals in the greater Hartford area. On or about said date the plaintiff employed the defendant, Harriet Franklin, as a staffing coordinator who arranged for coverage of people who were ill or elderly by health care personnel such as nurses aides. She kept a list of the nurses aides and a list of the persons requiring care and assigned aides to the care of these individuals as needed. She did not do the billing but she did do the assigning of these people. Many of the nurses aides knew her from prior jobs in which they had worked.
While still in the employ of the plaintiff Harriet Franklin, with other individuals secretly formed the defendant corporation Superlative Home Care, Inc. which was controlled by her. At this time she occupied a position of considerable trust in the business office of the plaintiff for which she received weekly compensation. And as such she owed a fiduciary duty to the plaintiff corporation. CT Page 1712 Although she did not do the billing she was in touch with those who paid the bills for the home care and as an employee of the plaintiffs sent out the service agreements to such persons. She was the only one who placed nurses aides with the clients and the only one to send out the service agreements.
Among those for whom the plaintiff supplied nursing help was a Miss Lewis who was a resident of the Duncaster Home for the Elderly. Franklin in her capacity as Staffing Coordinator had supplied nurses aides for Miss Lewis on a twenty-four hour basis for a substantial period if time. At the time of the events alleged in the complaint Miss Lewis was being cared for by two nurses aides, Elvira Smith and Annie Caesar. While still in the employ of the plaintiff, Franklin approached the Hartford National Bank and Trust Company Trust Department, which administered the affairs of Miss Lewis and to whom she had sent service agreements and successfully solicited them to retain her new company to supply nurses aides. She also approached Smith and Caesar and recruited them to work for her and took over the care of Miss Lewis through her own company, Superlative Health Care so that the same two nurses aides that had been caring for Miss Lewis prior to this incident continued to care for Miss Lewis working for the defendant corporation which was run by Franklin. Mrs. Franklin recruited other nurses aides from the plaintiff corporation and was able to do so solely because of her position with the plaintiff corporation.
After recently accomplishing these recruitments, Franklin left the employ of the plaintiff under false pretenses without giving any notice but indicating that she was taking time off and not revealing in advance she was leaving permanently.
All of the principal allegations of the plaintiff's complaint were proven by a fair preponderance of the evidence.
This recruiting of the nurses aides and the solicitation of those for whom they cared was the cause of the loss of lucrative business by the plaintiff. The loss of the ability to supply nurses to Miss Lewis alone caused a loss of revenue of approximately $234,000. Subtracting CT Page 1713 taxes and applying the industry standard of between 25 to 28 per cent for a net profit, a conservative and reasonable estimate of the loss would be $55,000. Although the subsidiary, Capitol City Health Care, was in financial trouble and had not been showing a net profit for the business, the loss of profit from the Lewis account increased the financial problems of the subsidiary and ultimately decreased the profits of Capitol City Personnel Services, Inc. the parent corporation. In the opinion of this court the plaintiff has proved by more than a fair preponderance of the evidence the allegations of each of its three counts.
With respect to tortious interference with a business relationship the elements are the existence of a contractual or beneficial relationship, intent to interfere with this relationship and the consequent actual loss suffered by the plaintiff. Solomon v Aberman, 196 Conn. 359,383; Harry A. Finnman and Son Inc. v. Connecticut Truck andTrailer Service Co., 169 Conn. 407, 415 (1975); HuntMininger and Campbell Associates Inc. v. Rogers, 16 Conn. App. 619,629 and the recent case of DiNapoli v. Cook,43 Conn. App. 419, 426. The plaintiff has proven each of the elements of this tort and therefore the court enters judgment for the plaintiff against the defendants on the issue of unlawful interference with a business relationship in the amount of $55,000.
In the second count the plaintiff has alleged breach of a fiduciary duty. Connecticut has for many years recognized breach of the fiduciary duty as a an actionable tort. The Supreme Court in Dunham v. Dunham, 204 Conn. 303,322 states that "a fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill and expertise and is under a duty to represent the interest of the other." Once a fiduciary relationship is established the burden of proving fair dealing properly shifts to the fiduciary and "the standard of proof for establishing fair dealing is not the ordinary standard of fair preponderance of the evidence, but requires proof by clear and convincing evidence, clear and satisfactory evidence or clear and convincing unequivocal evidence." Dunham pages 322, 323. In the opinion of this court the relationship of the staffing coordinator to the CT Page 1714 plaintiff corporation was clearly one consisting of a fiduciary duty. Opening up her own business recruiting the nurses aides and soliciting the client for whom those nurses aides had been working and would continue to work, all while still in the employ of the plaintiff, was in the opinion of this court a clear breach of the fiduciary duty. There is no evidence whatsoever to the contrary let alone proof of fair dealing by a clear and satisfactory evidence. Thus in the opinion of the court the defendant Harriet Franklin and the defendant corporation which was run by her are guilty of a breach of fiduciary duty. Judgment may therefore enter for the plaintiff against the defendants on the second count and damages are set at $55,000.
The third count is a violation of the Connecticut Unfair Trade Practices Act "CUTPA". While still working for the plaintiff the defendant, Franklin, secretly recruited the nurses aides and solicited the client from the plaintiff and then left the employ of the plaintiff under false pretenses never revealing that she was leaving permanently and that she was forming her own business in competition to the plaintiff with the plaintiff's clients as her employees.
According to the statute in determining whether a practice violates CUTPA the court should employ these criteria — (1) "Whether the practice without necessarily having been previously unlawful offends public policy as it has been established by statutes, the common law or otherwise, whether in other words it is within at least the penumbra or some common law or statutory or other established concept of unfairness."; (2) "Whether it is immoral, unethical or oppressive or unscrupulous."; and (3) "Whether it causes substantial injury to consumers."Singhavi v. Paul Revere Life Insurance Company,214 Conn. 303, 311-312 (1990). All three of these criteria do not necessarily have to be satisfied to support a finding of unfairness and a practice may be unfair due to the degree to which it meets one of the criteria or because to a lesser extent it meets all three. Atlantic RidgefieldCompany v. Canaan Oil Company, 202 Conn. 234, 242 (1987). In the opinion of the court the practice engaged in by the defendant offends public policy is unfair and is unethical and unscrupulous and the plaintiff has proven this by more than a fair preponderance of the evidence. Thus in the CT Page 1715 opinion of the court the defendants have violated Section 42-110b.
A violation of CUTPA permits "a remedy far more comprehensive than the simple damages recoverable under common law." One has the ability to recover both attorneys' fees and punitive damages. Hinchcliffe v.American Motors Corp., 184 Conn. 607, 617. Because the amount of damages awarded under the first and second counts is an estimate, albeit in the opinion of the court a fair and reasonable estimate of compensatory damages under the circumstances based upon actual experience. the court will not award punitive damages in this case. However, because it is a violation of CUTPA and so clearly an unfair trade practice the court will award attorneys fees and costs. Thus with respect to the third count judgment may enter for the plaintiff in the amount of $55,000 plus a reasonable attorneys fee and costs.
The damages are the same in each of the three counts and the total for all three counts is $55,000 together with a reasonable attorneys fee and costs as to the third count.
Counsel for the plaintiff is directed to furnish the court and counsel for the defendant with a time sheet and fee schedule for work devoted to this case and a bill of costs within two weeks of the date of this memorandum. The defendants' counsel will have two weeks from the date these are served on him in accordance with Section 120 of the Practice Book in which to comment on the fees and costs. The court will examine same, hold a hearing if necessary and enter a final determination. Any comments submitted by defense counsel are to be with respect to the fees only and not with respect to the opinion of the court on the merits.
In the opinion of this court there was no credible evidence introduced to substantiate any one of the three counts in the counterclaim. Therefore, as to each of the three counts of the counterclaim the court enters judgment in favor of the plaintiff.
Robert J. Hale, Judge Trial Referee. CT Page 1716