[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant filed an amended motion to strike upon several grounds the second, third, and fourth counts of the plaintiff's second revised complaint. This court denied the amended motion to strike without issuing a memorandum of decision. The defendant now moves pursuant to Practice Book § 10-43 for a memorandum of decision, requesting that this court specify in writing the grounds of its decision. This court grants the defendant's motion for a memorandum of decision, and doing so, reconsiders suo motu the grounds of its earlier decision denying the defendant's amended motion to strike.
 I
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825,676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992).
 II
The defendant moves to strike the second count on the ground that the equitable claim of unjust enrichment is "barred" by the allegation in the first count that a valid contract exists.[1] The second count incorporates paragraphs 1-7 of the first count, which alleges a valid lease contract and damages for breach of the contract. The last paragraph of the second count alleges that "the defendant has been unjustly enriched, to the detriment of the plaintiff." The defendant argues that the plaintiff has neither plead the elements of unjust enrichment nor alleged any facts in support of such a claim. CT Page 15291
In order to state a claim for unjust enrichment, the plaintiff must allege facts sufficient to show that (1) the defendant was benefited, (2) the defendant unjustly did not pay the plaintiff for the benefit, and (3) the failure of the defendant to pay caused the plaintiff to suffer detriment.Weisman v. Kaspar, 233 Conn. 531, 550, 661 A.2d 530 (1995);Hartford Whalers Hockey v. Uniroyal Goodrich Tire, 231 Conn. 276,283, 649 A.2d 518 (1994); Polverari v. Peatt, 29 Conn. App. 191, 200-01, 614 A.2d 484, cert. denied, 224 Conn. 913, 617 A.2d 168
(1992).
The plaintiff does not allege sufficient facts to support a claim of unjust enrichment. While the plaintiff does allege facts sufficient to show that the defendant was benefited in that the defendant took possession of the premises and that the defendant failed, neglected or refused to pay the plaintiff for this benefit, the plaintiff does not allege any facts in support of its conclusion that it suffered detriment. The plaintiff responds that it suffered detriment in that it was unable to obtain the payments rightfully due and unable to re-let the premises to anyone else. However, these facts are not alleged in the second count of the complaint nor may they be reasonably inferred; therefore this court may not consider them. Waters v. Autuori, supra, 236 Conn. 825. Accordingly, the defendant's amended motion to strike the second count is granted.
 III A.
The defendant moves to strike the third count, which alleges a violation of the covenant of good faith and fair dealing under the lease, on the ground that it fails to state a cause of action because the defendant did not engage in any actionable conduct. The defendant claims that the alleged acts occurred in the process of a previous summary process hearing, after the lease contract was terminated by a notice to quit, and in later settlement discussions such that its actions were consistent, not with bad faith, but with a valid refusal to waive its rights under landlord-tenant law and an active defense of the plaintiff's summary process hearing. (Defendant's Memorandum, pp. 4-7.) Even if this is true, these facts alleged by the defendant to explain its conduct do not attack the sufficiency of the CT Page 15292 pleadings and are not contained in the pleadings. Because this court may not consider facts outside the pleadings in ruling on a motion to strike, Waters v. Autuori, supra, 236 Conn. 235, the defendant's amended motion to strike the third count on the ground its conduct is not actionable is denied.
 B.
The defendant also moves to strike the third count on the ground that the plaintiff has not plead sufficient facts to support its claim that the defendant acted in bad faith. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement."Habetz v. Condon, 224 Conn. 231, 238, 618 A.2d 501 (1992). "Bad faith in general implies both `actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.' Black's Law Dictionary (5th Ed. 1979). Bad faith means more than mere negligence; it involves a dishonest purpose." Id. 237; see also Buckman v. People Express,Inc., 205 Conn. 166, 171, 530 A.2d 596 (1987) ("[B]ad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will."); Feinberg v.Berglewicz, 32 Conn. App. 857, 861-62, 632 A.2d 709 (1993) ("Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive."). In other words, a failure to fulfill contractual obligations, for example, refusing to pay amounts due, is not itself sufficient evidence of bad faith. Barry v. Posi-SealInternational, Inc., 40 Conn. App. 577, 584, 672 A.2d 514, cert. denied, 237 Conn. 917, 676 A.2d 1373 (1996).
The facts alleged by the plaintiff, however, are sufficient to support an inference that the defendant possessed a "sinister motive" in failing to fulfill its obligations under the lease contract. The plaintiff alleges that the defendant "retained possession and control of the premises as a means of trying to coerce or induce the plaintiff to reduce or discount amounts owed" and that the defendant "informed the plaintiff that it would not surrender possession and control of the subject premises to the plaintiff unless and until the plaintiff entered CT Page 15293 into a compromise as to the amounts due." These facts support a claim that the defendant was motivated, not by an honest mistake as to the defendant's rights or duties, but by the interested or sinister motive of coercing the plaintiff into accepting a lesser amount of money. Since these facts are sufficient to support a claim of bad faith, the defendant's amended motion to strike the third count on this ground is denied.
 IV A.
The defendant moves to strike the fourth count, which alleges a CUTPA violation, on several grounds. The first ground is that the plaintiff has failed to allege facts supporting the requisite element of a CUTPA claim that the defendant is in the trade or commerce of the activities claimed to have caused injury. The defendant argues in support that the "plaintiff must allege it is a consumer injured in defendant's conduct of its own trade or business," and quotes Jackson v. R. G. Whipple, Inc.,225 Conn. 705, 727, 627 A.2d 374 (1993), for the proposition that "[a] claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm to him or her."
This is not a correct statement of the law. That Jackson v.R. G. Whipple, Inc., supra, 225 Conn. 705, stands for the proposition that a consumer relationship must exist in order for a CUTPA claim to stand was explicitly rejected by the Supreme Court in Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480,656 A.2d 1009 (1995): "We have previously stated in no uncertain terms that CUTPA imposes no requirement of a consumer relationship. In McLaughlin Ford, Inc. v. Ford Motor Co.,192 Conn. 558, 473 A.2d 1185 (1984), we concluded that `CUTPA is not limited to conduct involving consumer injury' and that `a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury.' [Id., 566, 567.]" LarsenChelsey Realty Co. v. Larsen, supra, 232 Conn. 496; Fink v.Golenbock, 238 Conn. 183, 215, 680 A.2d 1243 (1996).
The defendant also claims that a requisite element of a CUTPA claim is that the defendant be in the "trade or commerce" of the activities claimed to have caused injury. The defendant argues that the CUTPA count must be stricken because the plaintiff has failed to allege that the leasing of commercial premises is CT Page 15294 within the defendant's "trade or business." This court disagrees.
"CUTPA, by its own terms, applies to a broad spectrum of commercial activity. The operative provision of the act, §42-110b(a), states merely that `[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.' Trade or commerce, in turn, is broadly defined as `the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state.' General Statutes § 42-110a(4)." (Emphasis added.) Larsen Chelsey Realty Co. v.Larsen, supra, 232 Conn. 492.
The plaintiff alleges that the defendant rented commercial property from the plaintiff pursuant to a commercial lease. Contrary to the defendant's argument, however, "[t]here is no requirement that a person be in the business of selling [or leasing or renting] such property or commodities in order to be engaged in trade or commerce within the meaning of the act." (Emphasis added.) Horowitz v. Cottle, Superior Court, judicial district of New Haven at New Haven, Docket No. 044378 (July 9, 1992). Thus, the defendant need not be in the "trade or business" of renting or leasing property. Rather, the defendant'sactivities which allegedly violate CUTPA must constitute "trade or commerce" as that term is defined. The "rent or lease" of property is explicitly included in the definition of "trade or commerce." Therefore, the defendant's conduct with respect to the renting of the plaintiff's commercial property falls within the purview of CUTPA.
The defendant argues that this case is analogous to several Superior Court cases striking a CUTPA claim on the ground that an isolated private sale of residential property, by one not in the business of doing so, is not encompassed within the definition of "trade or commerce." (Defendant's Memorandum, pp. 11-12.) SeeCrescenzo v. Camarota, Superior Court, judicial district of New Haven at New Haven, Docket No. 964333 (June 9, 1997, Silbert, J.) (single sale of residential dwelling); Nathan v.Marcinkeviciene, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 560919 (March 7, 1997, Hennessey, J.) (isolated private sale of residential property); Jokl v. Watt, Superior Court, judicial district of New Haven at New Haven, Docket No. 372000 (February 28, 1996, Gray,CT Page 15295J.) (private one-time sale of residential home); Doty v. Silver, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293192 (February 23, 1995, Hauser, J.) (isolated private sale of residential home); McCarthy v. Fingelly, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268839 (May 30, 1991, Katz, J.) (isolated one-time rental of a personal residence).
These cases acknowledge a split among the judges of the Superior Court as to whether a single sale of a residential dwelling by one not in the business of selling real estate may become the subject of a CUTPA claim.[2]
Those courts answering in the negative reflect agreement with the statement made in Mayer-Wittmann Joint Ventures, Inc. v.Gunther International, Ltd., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 134790 (October 21, 1994, Lewis, J.), that "CUTPA was designed to protect unwary consumers dealing with professional businesses or business people in a transaction which is part of that business."
These cases are factually distinct from the present case because they are concerned with private persons engaged in transactions involving residential real estate rather than businesspersons engaged in transactions involving business or commercial real estate. See McCarthy v. Fingelly, supra, Superior Court, Docket No. 268839 (where court explained split of authority was not over issue of "whether the litigant is required to allege more than a single transaction in a professional orbusiness context, but whether CUTPA applies to a private
transaction by a person not employed in the business of making such transactions."). However, I concur with the reasoning of those courts which have held CUTPA to be applicable to a single transaction involving real estate by one not in the business of such a transaction. See Lovick v. Nigro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542473 (February 24, 1997) (rejecting claim that CUTPA not applicable to single residential lease by unsophisticated parties not engaged in multiple leasing transactions); Gladstein v. Smithlin, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 305659 (September 7, 1994) (seller's conduct in single sale of residential real estate can constitute CUTPA violation);Oat v. Whittle, Superior Court, judicial district of New London at Norwich, Docket No. 093417 (January 22, 1991) (single real estate transaction may be basis of CUTPA claim); Jamison v.CT Page 15296Artinian, Superior Court, judicial district of New London at New London, Docket No. 507709 (June 5, 1989) (CUTPA applies to single sale of property by one not in real estate business); D'Agostinov. Exxon Corp., Superior Court, judicial district of Waterbury, Docket No. 098133 (January 3, 1989) (CUTPA applies to private, one-time transaction by one not in business of transaction);Geltman v. Ciardiello, Superior Court, judicial district of New Haven at New Haven, Docket No. 245283 (November 23, 1987) (CUTPA applicable to one-time individual purchaser of real estate). Accordingly, the defendant's amended motion to strike the fourth count on this ground is denied.
 B.
Next, the defendant argues that the fourth count should be stricken on the ground that CUTPA does not as a matter of law impose duties upon the defendant since the defendant is a member of the class that the statute was intended to protect, namely consumers. The plaintiff in this case, however, is also a member of a class the statute was intended to protect. "CUTPA provides a private cause of action to `[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a [prohibited] method, act or practice. . . .' General Statutes § 42-110g(a)." (Emphasis added.) Fink v. Golenbock, supra, 238 Conn. 212; Larsen ChelseyRealty Co. v. Larsen, supra, 232 Conn. 497. "CUTPA is not limited to conduct involving consumer injury. . . . [A] competitor or other business person can maintain a CUTPA cause of action without showing consumer injury." McLaughlin Ford, Inc. v. FordMotor Co., 192 Conn. 558, 566-67, 473 A.2d 1185 (1994). It is not the defendant's relationship to the plaintiff as a "consumer" that is dispositive, but rather the defendant's conduct. Fink v.Golenbock, supra, 238 Conn. 214-15; Larsen Chelsey Realty Co. v.Larsen, supra, 232 Conn. 492. Accordingly, the defendant's amended motion to strike the fourth count on this ground is denied.
 C.
Thirdly, the defendant moves to strike the fourth count on the ground that a single breach of contract will not support a CUTPA claim. "A majority of Superior Court cases support the claim that `[a] simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances to recover under the Act.' CT Page 15297Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951, 3 Conn. L. Rptr. 711 (1991) (Blue, J.); see also Bonnell v. United Parcel Service, Superior Court, judicial district of Danbury, Docket No. 315927 (February 7, 1997) (Grogins, J.) (18 Conn. L. Rptr. 646); The ProductionEquipment Co. v. Blakeslee Arpaia Chapman, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 247485 (January 3, 1996) (Silbert, J.) (15 Conn. L. Rptr. 558); LoMontev. Rice, Superior Court, judicial district of Hartford at New Britain, Docket No. 441735 (January 30, 1991) (Aronson, J.) (3 Conn. L. Rptr. 189); Central Delivery Service of Washington, Inc.v. People's Bank, Superior Court, judicial district of Hartford at New Britain, Docket No. 438015 (October 1, 1990) (Goldberg, S. J.) (2 Conn. L. Rptr. 449); Jarasek v. Chrysler HouseAssociates Limited Partnership, Superior Court, judicial district of Hartford, Docket No. 338598 (December 2, 1988) (O'Connor, J.) (4 CSCR 73). A simple contract breach is not sufficient to establish a violation of CUTPA, particularly where a CUTPA count simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." Petro v. K-Mart Corp., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 123768 (October 6, 1997, Pellegrino, J.).
It is also true, however, that "the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation." Lester v. Resort Camplands International, Inc.,27 Conn. App. 59, 71, 605 A.2d 550 (1992). Where the plaintiff alleges sufficient aggravating circumstances, beyond a mere breach of contract that may bring the case within the "cigarette rule," the CUTPA claim may withstand a motion to strike. Petrov. K-Mart Corp., supra, Superior Court, Docket No. 123768; CNFConstructors, Inc. v. Culligan Water Conditioning Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 242302 (September 9, 1993, Blue, J.).
In the present case, the plaintiff alleges, not a mere breach of contract, but aggravating circumstances sufficient to withstand a motion to strike. The plaintiff alleges in count four, not only that the defendant has "failed, neglected or refused to pay the rent due pursuant to the lease," but also that the defendant "retained possession and control of the premises" and "failed, neglected and refused to use or occupy the premises." The plaintiff further alleges that the defendant "had CT Page 15298 no intention of occupying the premises . . . but, nonetheless, retained possession and control of the premises as a means of trying to coerce or induce the plaintiff to reduce or discount amounts owed by the defendant to the plaintiff. . . . On repeated occasions, the defendant informed the plaintiff that it would not surrender possession and control of the subject premises to the plaintiff unless and until the plaintiff entered into a compromise as to the amounts due. . . ." (Count four, ¶¶ 11-12.) These alleged actions by the defendant go beyond a mere breach of contract and constitute sufficient aggravating circumstances to bring the alleged breach within the ambit of CUTPA. For this reason, the defendant's amended motion to strike the fourth count on this ground is denied.
 D.
Finally, the defendant moves to strike the fourth count on the ground that it fails to state a cause of action in that the facts alleged are not actionable as a matter of law. "CUTPA liability is premised on a finding that the defendant engaged in unfair . . . or deceptive trade practices." (Internal quotation marks omitted.) Larsen Chelsey Realty Co. v. Larsen, supra,232 Conn. 507. "In determining whether the defendant has engaged in such activity and thereby violated CUTPA, courts must apply the so-called `cigarette rule,' which asks `(1) [w]hether the practice, without necessarily having been previously unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial unjury to consumers [competitors or other businessmen].' . . . Jacobs v. Healey Ford-Subaru, Inc.,231 Conn. 707, 725, 652 A.2d 496 (1995); Sanghavi v. Paul Revere LifeIns. Co., 214 Conn. 303, 311-12, 572 A.2d 307 (1990); Sportsmen'sBoating Corp. v. Hensley, [192 Conn. 747, 756, 474 A.2d 780
(1984)]." Larsen Chelsey Realty Co. v. Larsen, supra,232 Conn. 507; see also Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 33
n. 18, 699 A.2d 964 (1997). All three criteria, however, do not need to be satisfied to support a finding of unfairness. Haynesv. Yale-New Haven Hospital, supra, 243 Conn. 33 n. 18. "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Id. As discussed supra, the CT Page 15299 plaintiff alleges that the defendant retained possession and control of the premises as a means of trying to coerce the plaintiff into accepting a compromise as to the amount of money due. Thus, the plaintiff alleges sufficient facts to support its claim that the defendant's conduct in "attempt[ing] to use the lease and its possession of the premises for a purpose beyond its scope or intent" satisfies the first two prongs of the "cigarette rule" in that it "offends public policy as established by the law of Connecticut [and] is immoral, unethical, oppressive or unscrupulous." Accordingly, the defendant's amended motion to strike the fourth count on this ground is denied.
For these reasons, the defendant's amended motion to strike the second count is granted. The defendant's amended motion to strike the third and fourth counts is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court